# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

IVA JOY AND WILLIAM JOY
PLAINTIFFS

VS.                               CIVIL ACTION NO: 1:20-cv-01131-STA-jay

AMGUARD INSURANCE
COMPANY
 DEFENDANT

## FIRST AMENDED COMPLAINT
## JURY DEMANDED

COMES NOW THE PLAINTIFFS, Iva Joy and William Joy, by and through the undersigned counsel files this her Complaint for Damages, pursuant to Tenn. Code Ann. §56-7-105, Tenn. Code Ann. §56-8-113, and Tennessee common law against the Defendant and in support thereof states as follows:

1. The Plaintiffs, Ivy Joy and William Joy (hereinafter the "Joy") are adult resident citizens of the State of Tennessee.

2. Defendant, Amguard Insurance Company, ("Amguard") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at P.O. Box 1368, Wiles Barre, PA 18703-1368. It maybe served with process at that address by service on an officer, director, managing agent, or attorney of record in accordance with Rule 4 or 5 of the Federal Rules of Civil

3. On or about December 18, 2019, Anthony Lancaster Insurance Agency, Inc., ("Lancaster") was a licensed insurance producer for Amguard. At all material times, Lancaster was an appointed insurance producer for Amguard consistent with Tenn. Code. Code. §56-6-115(b).

4. On or about December 18, 2019, Lancaster completed an electronic homeowner's application on behalf of Amguard to provide coverage for the Plaintiffs' home, contents, and living expenses. Plaintiffs' home was located at 4180 Holder Road Grand Junction, Tennessee 38039. The electronic version of the application is in the possession of Defendants. The application was ambiguous regarding sprinkler systems. Lancaster knew or should have know that Plaintiff did not have a sprinkler inside her home when it completed the application. Amguard issued the policy based on the application submitted by Lancaster. A copy of the policy is attached as DE 2-1 and incorporated herein by reference. Lancaster's knowledge was imputed to Amguard.

5. Plaintiffs made monthly payments of premiums from December 2019 and are currently continuing to pay monthly premiums on the policy.

6. Lancaster did not submit any photographs or other corroborating evidence of an interior sprinkler system for Plaintiffs' home between December 2019 and May 5, 2020. Lancaster's lack of corroborating evidence of a sprinkler was imputed to Amguard each month that no such evidence was produced.

7. On or about May 5, 2020, Plaintiffs' home and contents were completely destroyed in a fire.

8. Shortly after May 5, 2020, Amguard's adjusters arrived at the scene and stopped payment on a living expenses advance when Plaintiff William Joy advised the adjuster that the home did not contain a sprinkler system.

9. On May 13, 2020, Amguard issued a letter denying coverage for the May 5, 2020 loss due to Plaintiff's alleged misrepresentations on the application and relevant policy provisions. A copy of the denial letter is attached as DE 2-2 and incorporated herein by reference.

10. Plaintiffs' have been forced to expend personal funds to finance their alternative living expenses such as shelter, food, and clothing.

11. On or about May 20, 2020, Plaintiffs' paid the monthly premium for the policy.

12. On or about May 5, 2020 the coverages under the policy for the structure, contents, and addtional living expenses became due and payable.

13. On June 16, 2020, Plaintiffs served a letter on the defendant demanding payment under the policy for the structure, the contents, and the additional living expenses. A copy of the letter is attached herewith as Exhbit 1.

14. More than sixty (60 days has elapsed since the Plaintiff's transmitted the June 16, 2020 letter.

15. Defendant has continued to delay and deny the Platintiff's claim for their structure, contents, and additional living expenses without an an arguable or legitimate reason for doing so.

## COUNT I BREACH OF CONTRACT

16. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

17. Amguard knew that Plaintiff's home did not possess an interior sprinkler system but issued the policy and continued to accept premium payments each month knowing that Plaintiff did not have a sprinkler system.

18. Amguard waived the condition that Plaintiff's home have a sprinkler system.

19. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

20. Lancaster completed the application for Plaintiff's coverage on behalf of Amguard.

21. Amguard cannot deny coverage based on the actions of its agent Lancaster.

22. Amguard is estopped to deny coverage for the fire loss to Plaintiff's home, contents, and living expenses.

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

24. The ordinary consumer understanding of a sprinkler system in the context of residential property is an exterior sprinkler for watering lawns, gardens, and outside plants.

25. Amguard's usage of the term sprinkler system in the context of a homeowners

insurance application was subject to more than one meaning.     Sprinkler system was ambiguous in the context of a homeowner's insurance application.

26. The Court should declare and decree that the sprinkler system question on the application and the sprinkler system provision in the policy are construed against Amguard to provide coverage to Plaintiff.

27. Amguard materially breached the insurance policy contract by denying coverage for the May 5, 2020 fire.

## COUNT II COMMON LAW BAD FAITH REFUSAL TO PAY

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. Amguard issued the 2019 policy. DE 2-1

30. Amguard has intentionally or with reckless disregard refused to pay the policy and has denied that the May 5, 2020 fire loss was covered by either policy.

31. Amguard does not have an arguable or legitimate to refuse to the pay the Benefits payable to Plaintiff.

32. Amguard was on actual knowledge that it did not have an arguable debatable or legitimate reason to refuse to pay the fire loss benefits.

33. Amguard intentionally or with reckless disregard failed to investigate to determine if it had an arguable or legitimate reason to pay.

34. Amguard intentionally, recklessly, and in bad faith refused to pay the insurance benefits. Tenn. Code Ann. §56-8-113.

35. Amguard's bad-faith refusal to pay proximately caused Joy to incur financial losses, emotional distress, additional expenses and attorney fees.

## COUNT III VIOLATION OF TENNESSEE UNFAIR CLAIMS PRACTICES

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Shortly after May 5, 2020, the Amguards' adjusters engaged in a deceptive and unfair claim practice by falsely or recklessly stating that the insurance policies did not

provide coverage when in fact the policies remain in full force. §56-8-105(1);§56-8-105(4).

38. Amguard's deceptive and unfair practice caused Plaintiffs an ascertainable loss in that they were denied their total loss proceeds for the total loss of the residence, the total loss of the contents, and incurred additional living expenses and continue to incur additional living expenses. They was also sustained emotional distress with physical manifestations of emotional distress.

39. On or about May 13, 2020, the Amguards' adjuster engaged in a deceptive and unfair claim practice by falsely or recklessly stating in the denial letter that that the insurance policies did not provide coverage when in fact the policies remain in full force. §56-8-105(1);§56-8-105(4). 38. Amguard's deceptive and unfair practice caused Plaintiffs an ascertainable loss in that they were denied their total loss proceeds for the total loss of the residence, the total loss of the contents, and incurred living expenses. They also sustained emotional distress with physical manifestations of emotional distress.

### COUNT IV VIOLATION OF TENNESSEE STATUTORY BAD FAITH

40. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41. On May 5, 2020, the Amguards' policy became due and payable when fire totally destroyed the home

42. On June 16, 2020, Plaintiff transmitted a demand letter to Amguard formally demanding payment consistent with §56-7-105.

43. Amguard knew that it did not have an arguable or reasonable to delay or deny the payment consistent with §56-7-105. Amguard knew it was acting in bad faith by delaying or denying the payment for contents, structure, and additional living expenses.

### COUNT V. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45. AmGuards conduct was intentional or reckless when Defendants falsely stated that Plaintiff did not have insurance in force on or about May 5, 2020.

46    Amguard's conduct was outrageous and not to be tolerated in a civilized society.

47.    As a proximate result of Amguard's conduct, Plaintffs sustained severe emotional injury manifested as sleeplessness, anxiety, anger, disappointment, worry, ect., and sought medical treatment.

### COUNT VI NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

49.    Amguard had a duty act as a reasonably prudent person in not providing false information or to recklessly state that Plaintiff did not have fire insurance in force on or May 5, 2020.

50 .    Amguard had a duty to act as a reasonably prudent person and breached that duty of care by falsely or recklessly or negligently stating that Plaintiff did not have fire insurance in force on or May 5, 2020 when Amguards adjusters advised Plaintiffs that they would stop payment on the living expenses check.

51.    Amguard had a duty act as a reasonably prudent person breached that duty of care by falsely or recklessly or negligently stating that Plaintiff did not have fire insurance in force on or and transmitted the May 13, 2020 denial letter.

52.    As a proximate result of Amguard's negligent conduct, Plaintiffs sustained severe emotional injury manifested as sleeplessness, anxiety, anger, disappointment, worry, ect., and sought medical treatment.

### COUNT VII. PUNITIVE DAMAGES

53.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

54.    AmGuard's conduct was intentional or reckless grossly negligent in light of the foregoing allegation and entitle Plaintiffs to an award of punitive damages.

### DAMAGES

55. As a proximate result of the foregoing conduct of the Defendants, the Plaintiff sustained the following damages:

1. The severe mental and physical suffering actually endured by the PLAINTIFF'S in a Sum not less than TWO MILLON DOLLARS ($2,000,000.00)

2. Medical expenses necessitated by the injury, including expenditures for doctors, nurses, hospital care, medicine and drugs;

3. Reasonable costs incurred for obtaining alternative living arrangements

4. The value of the policy limits for Plaintiff's home, contents, and living expenses proceeds in the sum of FOUR HUNDRED FOUR THOUSAND SIX HUNDRES SIXTY-SIX DOLLARS ( $404,666.000).

5. Punitive Damages due to the Amguard's intentional and reckless conduct in a sum not less than  TEN MILLION DOLLARS ($10,000,000.00)

6. Attorney fees pursuant to Tennessee common law and the Tennessee Unfair Claims Act.

## SUBJECT MATTER JURISDICTION AND VENUE

56. This Court has subject matter jurisdiction of this action pursuant and 28 USC §1332 (Diversity). Venue is proper in this district as a substantial part of the event or omissions giving rise to the claim occurred in this district pursuant to 28 USC § 1391.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants on each count of the Complaint jointly and severally and seeks the following relief:

a. Issue service of process and serve Defendants;

b. Grant any reasonable request to Amend Plaintiff's Complaint to conform to the discovery and evidence obtained in this matter;

c. Award the Plaintiffs not less than $2,404,666.00 in compensatory damages

jointly and severally due to the actions of the Defendants;

    d. Award the Plaintiffs punitive damages in an amount not less than $10,000,000.00 in punitive damages.

    e. Grant the Plaintiff pre-judgment and post-judgment interest;

    f. Award the Plaintiff attorneys fees and suit expenses Tennessee common law;

    g. Grant the Plaintiff all such further relief as the Court may deem just and proper.

A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES WHEN JOINED.

Respectfully submitted,

**BERKLEY LAW FIRM PLLC**

<u>DRAYTON D. BERKLEY, ESQ. (022601)</u>
**Attorney for Plaintiffs**
P.O. Box 771048
Memphis, Tennessee 38177
Telephone: 901-322-8706
Facsimile: 901-881-0316
e-mail: <u>attorneyberkley@gmail.com</u>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid, or e-mail and properly addressed or hand-delivery to:

Lauren L. Holloway, Esq.
McAngus, Goudelock, & Courie
<u>5350 Poplar Ave</u>
Memphis, TN 38119
Via ECF
Attorneys for Defendants

This the 23rd day of December 2020.

/s/ D<small>RAYTON</small> D. B<small>ERKLEY</small>
**DRAYTON D. BERKLEY**