IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IVA JOY AND WILLIAM JOY, ) <br> ) <br> Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> AMGUARD INSURANCE COMPANY, ) <br> ) <br> Defendant/Third-Party Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ANTHONY LANCASTER ) <br> INSURANCE ) <br> AGENCY, INC. and ) <br> ANTHONY LANCASTER, ) <br> ) <br> Third-Party Defendants. | No. 1:20-CV-01131-STA-jay <br> JURY DEMAND |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S TO AMGUARD'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

I. INTRODUCTION

This civil action arises out of total fire loss that occurred on May 5, 2020. Amguard has failed to show that that there are no genuine issues of material fact or that it is entitled to judgment as a matter of law. Thus, its motion should be denied.

II. FACTS

The facts are set forth in the Statement of Undisputed Material Facts [DE 57] and Response to Amguard's Statement of Undisputed Facts filed contemporaneously herewith and will not be repeated herein for the sake of brevity.

III. ANALYSIS

1. Summary Judgment Standard

In *Maben v. Thelan.,* 887 F.3d 252, 263 (6th Cir. 2018), the Sixth Circuit held a district court must grant summary judgment only if the moving party satisfies its burden to show that there are no genuine issues of material fact[1] and the moving party is entitled to judgment as a matter of law. In *Tolan v. Cotton*, 134 S.Ct. 1861, 1865-68 (2014), the Court held at the summary judgment stage, all evidence is reviewed in the light most favorable to the non-movant and all factual inferences are drawn in favor of the non-moving party. In *Hughes v. Gulf Interstate Field Services*, 878 F.3d 183, 187 (6th Cir. 2017), the Sixth Circuit applied the same standard in reviewing summary judgment evidence. All reasonable inferences are drawn in favor of the non-moving party. *Byrd v. Tenn. Wine & Spirits Retailers Ass'n,* 883 F.3d 608, 617 (6th Cir. 2018)

A court misapprehends summary judgment standards when it attempts to credit or weigh testimony or other evidence in favor of the movant. *Tolan*, 1867-68; *Hastings v. Fayette County Schools*, 320 F.Supp. 3d. 966, 974 (W.D. Tenn. 2018). Weighing evidence and credibility determinations are jury functions. *Nance v. Crockett County, Tennessee*, 150 F.Supp. 3d 881, 882 (W.D. Tenn. 2015). A genuine issue of material fact exists if a jury could return a verdict for the non-moving party. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018); *Peffee v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2015). The movant is only entitled to a grant of summary judgment if he, she, or it can show that there are no issues of material fact and he, she or it is entitled to judgment as a matter of law. *Tolan*, 1865-1866.

---

[1] A fact is material where proof of the fact would establish or refute an essential element of the claim or defense. *Kendall v. Hoover*, 751 F.2d 171, 174 (6th Cir. 1984).

2.      Tennessee[2] Statutory Construction Principles

Clear and unambiguous statutes will be enforced according to their plain terms. *Lind v. Beaman Dodge, Inc.,* 356 S.W.3d 889, 895 (Tenn. 2011). Every word of the statute will be given effect. *Id.* New statutory provisions that do not repeal or over-rule pre-existing law by express terms or implication are cumulative. *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013). The Courts presume that the Legislature knew the law when it enacted statutory provisions. *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 23 (Tenn. 2014). Statutes involving the same subject matter or *in pari materia* are construed together. *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010). Specific statutes control over general statutes. *Id*. at 582. Judicial constructions of statutes become part of the statute. *Blank v. Olsen*, 662 S.W.2d 324, 326 (Tenn. 1983); *Hill v. City of Germantown*, 31 S.W.3d 234, 239-240 (Tenn. 2000).

3.      Insurance Contract Construction Principles

Insurance policies are construed in the same manner as any other contract[3]. The policy incorporates the existing[4] law on the date of issuance or renewal. Existing law includes statutes, regulations, and caselaw[5]. In the event of any conflicting provision between a statute and a policy provision, the terms of the statute control[6]. Knowledge,

---

[2] The Sixth Circuit follows the Tennessee Supreme Court's jurisprudence in construing Tennessee statutes. *Jones v. City of Franklin*, 677 Fed. Appx. 279, 286 (6th Cir. 2017)

[3] *US Bank v. Tennessee Farmer's Mutual Ins. Co.,* 277 S.W.3d 381, 386 (Tenn. 2009)

[4] *Dick Broadcasting Co. Inc., of Tennessee v. Oak Ridge FM, Inc*., 395 S.W.3d 653, 668 (Tenn. 2013). The law of the forum is controlling regarding to remedial and procedural issues. *Sherwin Williams v. Morris*, 156 S.W.3d 350, 352 (Tenn. Ct. App. 1941); *In re Stalup's Cup Estat*e, 627 S.W.2d 364, 368 (Tenn. Ct. App. 1981)

[5] *Dick Broadcasting Co., Inc.,* at 668.

[6] US Bank, 390-391.

acts, or representation of an insurer's agent operate to waive policy provisions in question[7]. Tenn. Code Ann. § 56-6-115(b) renders all agents agents of the insurer[8].

4.  Application

Application of the foregoing principles militates that Lancaster's knowledge that that the Joy's did not have a sprinkler system was imputed to Amguard and it waived this policy provision when it issued the policy. This conclusion is strengthened by the fact that Amguard own internal policy was to issue the policy and to adjust the premium if it did not receive proof the sprinkler system within 30 days.

Moreover, Amguard admitted that Lancaster made an error on the e-application. Exhibit 1 to Response to Statement of Undisputed Material Facts. Amguard admitted that it would issue the policy in any event and remove the discount if evidence of the sprinkler system was not produced. DE 57-5. Thus, Amguard has no evidence to support its motion for summary judgment and it should be denied.

*Assuming arguendo* that a jury finds that the Plaintiff signed a proposal in blank, then the Plaintiffs prevail on their claim consistent with *Bland v. AllState*, 944 S.W.2d 372 (Tenn. Ct. App. 1996). *Assuming arguendo* that a jury finds that Lancaster made a mistake on the e-application then the Plaintiffs prevail on their claims consistent with *Berryhill v. Mut. Ben. Health and Acc*., 262 S.W.2d 878 (Tenn. Ct. App. 1953). Amguard's decision to issue the policy in any event constituted a waiver of the sprinkler provision and estopped them from enforcing it to deny coverage consistent with *Bill Brown Construction v. Glen Falls Ins. Co.*, 818 S.W.2d 1 (Tenn. 1991), *Gaston* , and *Tarrant*.

---

[7] *Gaston v. Tennessee Farmer's Mutual Ins. Co*., 120 S.W.3d 815, 820 (Tenn. 2003)
[8] *AllState Ins. Co. v. Tarrant*, 363 S.W.3d 508, 517-520 (Tenn. 2012)

4

IV. CONCLUSION

The Court should grant the Plaintiff's Motion for Partial Summary Judgment in favor of liability.  This will reduce the issues for trial to damages, statutory bad-faith damages, pre-judgment interest, and punitive damages.   The Court should deny Amguard's Motion for Summary Judgment.

                                Respectfully Submitted,

/S/ DRAYTON D. BERKLEY
**DRAYTON D. BERKLEY, ESQ.**
**(BPR 022601)**
P.O. Box 771048
Memphis, Tennessee  38177
Telephone:  (901) 322-8706
Fax:  (901)  881-0316
e-mail:  attorneyberkley@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid, or e-mail and properly addressed or hand-delivery to:

Lauren L. Holloway, Esq.
McAngus, Goudelock, & Courie
5350 Poplar Ave
Memphis, TN 38119
Via ECF
Attorneys for Defendants

David A. Changas, BPR No. 20679
424 Church Street, Suite 2500
Nashville, TN  37219
Attorney for Anthony Lancaster and Lancaster Agency

This the 8th  day of September 2021.

/s/ Drayton D. Berkley
**DRAYTON D. BERKLEY**