# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE AT EASTERN DIVISION

IVA JOY AND WILLIAM JOY,

    Plaintiffs,

vs.

AMGUARD INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff.

vs.

ANTHONY LANCASTER INSURANCE AGENCY, INC. and ANTHONY LANCASTER,

Third-Party Defendants

CASE NO.: 1:20-CV-01131-STA-JAY
JURY DEMAND

## OBJECTION AND MOTION TO STRIKE DEFENDANTS EVIDENCE

**COMES NOW** the Plaintiff, by and through undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR 56.1 and moves to strike the following summary judgment evidence from the statement of undisputed facts [DE56-3] as inadmissible[1]:

1. Plaintiff objects to the policy as unauthenticated hearsay. Rule 801 and 901 of the Federal Rules of Evidence. Plaintiff moves to strike the evidence policy [DE 56-3, Page ID#492-583] as hearsay consistent with *Hoover v. Walsh*, 682 F.3d 481, n.34 (6th Cir. 2012), and unauthenticated consistent with *Alexander v. CareSource,* 576 F.3d 551, 561 (6th Cir. 2009).

---

[1] In *Brainard v. American Akandia Life Assurance Corp.* 432 F.3d 655, 667-668 (6th Cir. 2005), the Sixth Circuit articulated the standard currently codified at Rule 56(c) that all motions for summary judgment must set forth facts that would be admissible into evidence. A motion to strike should be granted for inadmissible material supporting a summary judgment motion and should be ruled upon before proceeding to consider a summary judgment motion. *Id*. at 667.

2. Plaintiff objects to any evidence that lacks personal knowledge and is conclusory from Walden's declaration. Evidence is inadmissible when it reaches legal conclusions or is conclusory. See *DeMerrell v. City Cheboygan*, 206 Fed. Appx. 418, 426-27 (6th Cir. 2006). Evidence is also inadmissible when it makes factual determinations which are the province of the jury. *See Champion v. Outlook Nashville*, 380 F.3d 893, 908 (6th Cir. 2004) (expert opinion must be couched in terms of if witness testimony is credited). Personal knowledge means a witness had the ability and the opportunity to perceive the event his is testifying about with his senses. *US v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990). Factual testimony that is outside a witness' personal knowledge is speculation. *Baker Hughes v. Stamp S Chem,* LLC 836 F.3d 554, 569-570 (6th Cir. 2016). Factually conclusory statements are bare statements with no supporting facts. *Reedy v. West*, 988 F.3d 907, 913 (6th Cir. 2021)

3. Walden's averments that he has personal knowledge of the Plaintiff's signing the proposal are untenable since he would not have first-hand knowledge of this information. This is speculation foreclosed by *Baker Hughes* and conclusory foreclosed by *Reedy*. Accordingly, Plaintiff objects to paragraphs 3-4 and 7-8 of the Walden declaration (DE 56-3, Page ID# 584-585).

4. Walden has not presented any facts to support that he has first-hand knowledge of the underwriting process for the Joy's policy. Underwriting is a function discrete from claim adjusting. *Markel Am Ins. v. Dolan*, 787 F.Supp. 2d 776, 781 (ND.Ill. 2011). This is speculation foreclosed by *Baker Hughes* and conclusory foreclosed by *Reedy*. Accordingly, Plaintiff objects to paragraphs 5-6 of the Walden declaration. (DE 56-3, Page ID# 584-585).

5. Walden averment that Amguard relied upon the Joy's statements is issuing a policy is either a legal conclusion foreclosed by *DeMerrell* or a factual jury determination foreclosed by *Champion*. Accordingly, Plaintiffs object to paragraph 9 of the Walden declaration (DE 56-3, Page ID# 584-585).

6. Plaintiff objects to the Proposal of Insurance as unauthenticated hearsay. Rule 801 and 901 of the Federal Rules of Evidence based on the foregoing objections to Walden's declaration. Plaintiff moves to strike the proposal of insurance [DE 56-3, Page ID#586-595] as hearsay consistent with *Hoover*

*v. Walsh*, 682 F.3d 481, n.34 (6th Cir. 2012), and unauthenticated consistent with *Alexander v. CareSource,* 576 F.3d 551, 561 (6th Cir. 2009).

7. Plaintiff also objects to the Proposal of Insurance (DE 56-3 Page ID#586-595) as not disclosed during discovery. Rule 37 of the Federal Rules of Civil Procedure. *Baker Hughes, Inc*, at 567-569. Unlike the other documents disclosed by Amguard, the Proposal of Insurance contains no bates number and was not disclosed in any form prior to the close of discovery. Thus, the Plaintiff objects to Amguard's use of the Proposal of Insurance in any motion, hearing, or trial consistent with Rule 37.

WHEREFORE PREMISES CONSIDERED, Plaintiff urges the Court to find the evidence set forth above as inadmissible evidence for purposes of summary judgment and strike the evidence pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**/s/ Drayton D. Berkley**
Drayton D. Berkley (022601)
Berkley Law Firm, PLLC
P. O. Box 771048
Memphis, Tennessee 38177
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

David A. Changas
Lewis, Thomason, King, Krieg & Waldrop, P.C.
Post Office Box 198615
Nashville, Tennessee 37219-8615
Attorney for Third-Party Defendants

BRIAN F. WALTHART, 024777
Post Office Box 198349
201 4th Avenue N., Suite 1400
Nashville, Tennessee 37219

                        Phone: (615) 499-7292
                        Facsimile: (615) 523-1496
                        Email: brian.walthart@mgclaw.com

This the 8th day of September, 2021.

                                                  **/s/ Drayton D. Berkley**
                                                    Drayton D. Berkley