**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IVA JOY and WILLIAM JOY,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| **v.** | ) | **No. 1:20-cv-1131-STA-jay** |
| | ) | |
| **AMGUARD INSURANCE COMPANY,** | ) | |
| | ) | |
|     **Defendant/Third-Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ANTHONY LANCASTER** | ) | |
| **INSURANCE AGENCY, INC., and** | ) | |
| **ANTHONY LANCASTER,** | ) | |
| | ) | |
|     **Third-Party Defendants.** | ) | |

**NOTICE TO THE PARTIES OF SUMMARY JUDGMENT *SUA SPONTE***
**ORDER DIRECTING PLAINTIFF TO RESPOND**

Before the Court is Defendant AmGuard Insurance Company's Motion to Revise Orders on Motions for Summary Judgment (ECF No. 85) filed April 14, 2022.  AmGuard moves for the reconsideration, at least in part, of the Court's rulings on the parties' Rule 56 motions in an order dated February 17, 2022.  *See* Order Denying Def.'s Mot. for Summ. J., Order Denying Pls.' Mot. for Partial Summ. J., and Order Granting in Part, Denying in Part Third-Party Defs.' Mot. for Summ. J., Feb. 17, 2022 (ECF No. 83).  The Court held, among other things, that genuine issues of material fact remained for trial over whether AmGuard was liable to Plaintiffs Iva Joy and Williams Joy for the breach of Iva Joy's homeowners insurance policy.  A jury trial is currently scheduled to begin on June 27, 2022.

1

In its motion for summary judgment, AmGuard sought judgment as a matter of law on the Joys' claim for breach of the insurance policy and their separate claim for the bad faith penalty under Tenn. Code Ann. § 56–7–105(a).  AmGuard argued in its briefing that the Joys could not prove a breach of contract because Iva Joy's application for the policy contained a misrepresentation about the presence of sprinklers in the home.  AmGuard further argued that if the Joys could not prove a breach of their insurance policy, their claim that AmGuard had denied the claim in bad faith was also without merit.  Def.'s Mem. in Support Mot. for Summ. J. 7-8 (ECF No. 56-2) ("Again, it is clear that Plaintiff Iva Joy signed the Proposal of Insurance specifically affirming that sprinklers were in Plaintiffs' residence. Accordingly, as a matter of law, there can be no finding of bad faith.") and ("Here, as a matter of law, there is no evidence of bad faith. The Policy, by its terms, does not provide coverage. Plaintiff Iva Joy expressly misrepresented that there were sprinklers in Plaintiffs' home.").

In denying AmGuard's Rule 56 Motion, the Court noted a number of disputed and unresolved questions of fact about the circumstances surrounding Iva Joy's application for the policy, perhaps most important among them "the question of how and with whom a misrepresentation about the sprinklers originated."  Order Denying Def.'s Mot. for Summ. J. 20 (ECF No. 83).  The parties seemed to agree then, and continue to agree now, that an employee of the Lancaster Insurance Agency made a mistake and somehow added the information about the sprinkler system to the initial Proposal of Insurance.  Without additional proof to explain how the erroneous information found its way into the Proposal of Insurance, the Court held that genuine issues remained for trial on the Joys' claim for breach of the policy.

AmGuard now seeks reconsideration of the Court's ruling on the bad faith claim.[1] According to AmGuard, the Court's order did not squarely address AmGuard's argument for judgment as a matter of law on the claim.  AmGuard argues that even accepting the Court's decision to deny AmGuard summary judgment on the Joys' underlying claim for breach of the insurance contract, the Joys still cannot prevail on their bad faith claim due to the fact that Iva Joy's policy excluded coverage for the Joys' fire loss.  The policy conditioned AmGuard's coverage on the presence of sprinklers in the home for fire suppression, and the undisputed evidence shows that the Joys' home was not equipped with sprinklers.  AmGuard contends then that the Joys cannot prove that their policy was due and payable or that AmGuard acted in bad faith by denying their claim.  The Joys have responded to AmGuard's Motion to Revise.  The Joys simply answer that AmGuard failed to raise this specific argument in its Rule 56 motion and cannot use a motion for the revision of an interlocutory order now to bring the issue before the Court.  To the extent AmGuard raised the bad faith issue generally, the Joys maintain that they "refuted these arguments" and that "the Court has already considered and rejected" AmGuard's position.

Tennessee insurers have a duty to act in good faith, and, while there is no separate tort for breach of good faith, Tennessee statutory law allows insureds to seek a penalty up to 25% of the total liability when a claim is denied in bad faith. *Wynne v. Stonebridge Life Ins. Co.*, 694 F. Supp. 2d 871 (W.D. Tenn. 2010). Tennessee's bad faith statute provides as follows:

---

[1] The Motion to Revise actually raises a number of arguments related to AmGuard's claim for indemnification from Anthony Lancaster and the Anthony Lancaster Insurance Agency for any award a jury might make against AmGuard for the bad faith penalty and punitive damages.  The Court reserves its ruling on those arguments until the Court can decide whether summary judgment on the Joys' bad faith claim is warranted.

The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code. Ann. § 56-7-105(a). Thus, under the statute, to recover bad faith penalties, a plaintiff must prove (1) that the policy of insurance had, by its terms, become due and payable; (2) the plaintiff made a formal demand for payment and then waited sixty days after making the demand before filing suit; and (3) the refusal to pay was made in bad faith. *See Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 270 (Tenn. Ct. App. 2013); *Ginn v. American Heritage Life Ins. Co.*, 173 S.W.3d 433, 443 (Tenn. Ct. App. 2004).

The parties disagree over whether AmGuard's motion for summary judgment raises the precise argument it now articulates in its Motion to Revise. AmGuard argued in its motion for summary judgment that the Joys could not prove their bad faith claim because Iva Joy had made a misrepresentation about having sprinklers, a contention the Court rejected in deciding AmGuard Rule 56 motion.  AmGuard argues in its Motion to Revise that the Joys cannot prove two different elements of their bad faith claim (1) that under the terms of the policy, the policy had become due and payable or (2) that AmGuard denied their claim in bad faith.  The Joys counter in a somewhat cursory fashion that AmGuard failed to make this argument at summary judgment, or apparently in the alternative, that the Court already rejected this argument in its previous order.

The Court tends to agree with AmGuard that based on the record and for reasons stated in the Court's previous order, the Joys cannot prove that their policy had become "due and payable."  The fact remains that "[u]nder Tennessee law, AmGuard will not be liable to the Joys contractually but only under the equitable doctrine of estoppel and only if the Joys prove that the Lancaster Agency's alleged error or negligence can be imputed to AmGuard."  Order Denying Def.'s Mot. for Summ. J. 24-25.  The Joys arguably cannot prove that AmGuard was obligated to pay their claim based on the terms of the policy itself.

Furthermore, the Joys have the burden to show that AmGuard acted in bad faith. "If an insurance company unsuccessfully asserts a defense and the defense was made in good faith, the statute does not permit the imposing of the bad faith penalty." *Johnson v. Tenn. Farmers Mut. Ins. Co.*, 205 S.W.3d 365, 371 (Tenn. 2006) (quoting *Nelms v. Tennessee Farmers Mut. Ins. Co.*, 613 S.W.2d 481, 484 (Tenn. Ct. App. 1978)). Instead, "[t]o sustain a claim for failure to pay in bad faith a plaintiff must demonstrate that there were no legitimate grounds for disagreement about the coverage of the insurance policy." *Fulton Bellows, LLC v. Fed. Ins. Co.*, 662 F. Supp. 2d 976, 996 (E.D. Tenn. 2009) (internal quotation and citations omitted).  AmGuard now argues that the discrepancy about the presence of sprinklers in the Joys' home is a valid defense to coverage under the homeowners policy and at least constitutes some legitimate grounds for disagreement.

Putting aside the dispute over whether AmGuard properly raised the argument it now makes in its earlier filed motion for summary judgment, the Court can raise the issue *sua sponte*. Under Rule 56(f), "[a]fter giving notice and a reasonable time to respond, the court may (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that

may not be genuinely in dispute." Fed. R. Civ. P. 56(f).  "A district court does not abuse its discretion in *sua sponte* granting summary judgment so long as the losing party was on notice that it had to come forward with all of its evidence and had a reasonable opportunity to respond to all the issues to be considered by the court." *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte,* so long as the opposing party was on notice that it had to come forward with all of its evidence.").

The Court hereby gives the parties notice that the Court is considering granting summary judgment *sua sponte* on the Joys' claim for the bad faith penalty.  AmGuard has shown that the Joys cannot meet their burden of proof on the claim, and unless the Joys can cite evidence or legal authority to demonstrate why their bad faith claim should go to a jury, the Court may grant AmGuard summary judgment on the claim *sua sponte* and streamline the issues remaining for trial.  The Court advises the Joys that they should come forward with all of their evidence related to the elements of their bad faith penalty claim and fully brief any legal authority they would like the Court to consider on this issue.  The Joys' submission of proof and legal briefing is due within 21 days of the entry of this order.

       **IT IS SO ORDERED**.

                         **s/ S. Thomas Anderson**
                         S. THOMAS ANDERSON
                         CHIEF UNITED STATES DISTRICT JUDGE

                         Date:  May 13, 2022