IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IVA JOY AND WILLIAM JOY, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | No.: 1:20-cv-01131-STA-jay |
| ) | |
| AMGUARD INSURANCE COMPANY ) | |
| Defendant | |
| | |
| v. | |
| | |
| ANTHONY LANCASTER | |
| INSURANCE AGENCY, INC | |
| And | |
| ANTHONY LANCASTER | |
| Third Party Defendant ) | |

**MEMORANDUM RESPONSE TO COURT'S MAY 13, 2022 ORDER**

I. INTRODUCTION

This civil action arises out of total fire loss that occurred on May 5, 2020. The Court ordered the Plaintiffs to submit supplemental evidence and briefing in support of their punitive damages claim.

II. FACTS

Plaintiffs had been customers of the Anthony Lancaster Agency for at least 4-5 years prior to December 2019. Declaration of Iva Joy attached as Exhibit 1.

Prior to December 2019, Anthony Lancaster Agency had obtained homeowners coverage for Plaintiffs from Farmers Insurance. Exhibit 1.

1

In December 2019, Iva Joy went to the Anthony Lancaster Agency to pay on an insurance policy and the agency's customer service representative, Shunnica Ayers, mentioned potential homeowners coverage with Amguard.  Exhibit 1

Shunnica Ayers transferred the Plaintiffs' information in the computer system to the Amguard proposal and submitted it electronically.  Exhibit 1.

Shunnica Ayers did not ask Iva Joy any questions regarding the property because she was already familiar with our property.   Exhibit 1

Iva Joy did not review the information that Shunnica Ayers submitted electronically because I relied on Shunnica and the Lancaster Agency due to our long-standing relationship.  Exhibit 1

Prior to December 2019, Shunnica Ayers knew that we did not have a sprinkler inside our home.  Exhibit 1

Prior to December 2019, Anthony Lancaster Agency knew that the Plaintiffs did not have a sprinkler inside our home. Exhibit 1

Shunnica Ayers obtained a premium quote from Amguard after she submitted the proposal to Amguard and she slid Iva Joy's card to pay the initial premium. Exhibit 1

Shunnica Ayers confirmed that Amguard accepted the premium. Exhibit 1

Iva Joy did not sign the proposal the same day that Shunnica submitted the proposal to Amguard.   Exhibit 1

On May 24, 2022, Lancaster admitted that the Joys were long-time customers of the Lancaster agency and that the Lancaster agency was familiar with their residence. A copy of the May 24, 2022 Interrogatory Responses is attached as Exhibit 2

Lancaster also admitted that his employee Shunnica Ayers submitted the

electronic proposal and interpreted the query regarding sprinkler system to be an outside irrigation system.   Exhibit 2

The Electronic proposal defaulted to yes on the sprinkler system.  Exhibit 2

The policy provided that Amguard would adjust the Plaintiffs' losses and pay them. DE 57-6

On May 5, 2020, Plaintiff lost their residence and contents in a fire. DE 57-7

On May 13, 2020, Amguard denied Plaintiffs claim based on the failure to disclose the sprinkler system. DE 57-9

On June 16, 2020, Plaintiffs tendered a bad faith notice letter to Amguard.

III. ANALYSIS

1. Tennessee Standard for Bad Faith

In *Johnson v. Tennessee Farmers Mutual Insurance*, 205 S.W.3d 365, 370-371 (Tenn. 2006), the Court held that bad faith is an insurer's disregard or demonstrable indifference toward the interests of its insured.[1]  Insurance carrier indifference can be proved by direct or circumstantial evidence. *Id.* at 370 Bad faith on the part of the insurer can be proved by facts that tend to show any intentional disregard of the financial interests of the plaintiff in the hope of escaping full liability imposed upon it by its policy.  *Id* at 370 Courts must review the facts known by the insurers and their agents. *Id* at 71.  A jury question is presented if from all the facts there is reasonable basis for disagreement among reasonable minds as to whether the insurance carrier acted in bad faith.  *Id*.

2. Application

---

[1] This standard applies to claims arising under the statutory bad faith statute, Tenn. Code. Ann. § 56-7-105(a) as well. *Berbaum v. Amco Ins.Co.,* 1:21-cv-01004-STA-jay, n.4 (W.D. Tenn. March 3, 2022)

Plaintiff's proof creates a jury question at a minimum as to whether the statutory bad faith claim should proceed and whether the punitive damages claim should proceed.§ 56-7-105(a) requires a plaintiff must prove (1) that the policy of insurance had, by its terms, become due and payable; (2) the plaintiff made a formal demand for payment and then waited sixty days after making the demand before filing suit; and (3) the refusal to pay was made in bad faith. *Ginn v. American Heritage Life Ins. Co.*, 173 S.W.3d 433, 443 (Tenn. Ct. App. 2004).

*The Sprinker exclusion was waived.* Knowledge, acts, or representation of an insurer's agent operate to waive policy provisions in question. *Gaston v. Tennessee Farmer's Mutual Ins. Co.*, 120 S.W.3d 815, 820 (Tenn. 2003). Lancaster's knowledge that the Joys did not have an inside sprinkler waived this provision and thus the policy became due and payable on the date of the fire loss. Lancaster was clearly Amguard's agent. *AllState Ins. Co. v. Tarrant*, 363 S.W.3d 508, 517-520 (Tenn. 2012). Amguard's decision to issue the policy in any event constituted a waiver of the sprinkler provision and estopped them from enforcing it to deny coverage consistent with *Bill Brown Construction v. Glen Falls Ins. Co.,* 818 S.W.2d 1 (Tenn. 1991). *Assuming arguendo* that a jury finds that the Plaintiff signed a proposal in blank, then the Plaintiffs prevail on their contract claims consistent with *Bland v. AllState*, 944 S.W.2d 372 (Tenn. Ct. App. 1996). *Assuming arguendo* that a jury finds that Lancaster made a mistake on the e-application then the Plaintiffs prevail on their contract claims consistent with *Berryhill v. Mut. Ben. Health and Acc.*, 262 S.W.2d 878 (Tenn. Ct. App. 1953).

*60 day waiting period.* The demand required by § 56-7-105(a) was transmitted on June 16, 2020. The claim under § 56-7-105(a) was not added to the lawsuit in the First Amended Complaint until December 2020. [DE 34]. Thus, the 60 day waiting period was satisfied.

*Amguard's refusal to pay was in bad faith*.  Amguard knew that the Joys did not have an inside sprinker.   This knowledge was imputed to it thorough Lancaster.   Thus Amguard knew on May 5, 2020 there was no arguable reason or legitimate reason to refuse to pay under the policy.  Amguards' conduct in refusing to pay for any contents or living expenses eventhough its insureds were rendered homeless, and clothless demonstrates a monsterous indifference to the interests of the Joys as the basic needs of shelter and clothing.   This matter should be determined by a jury consistent with *Johnson*.

## IV.    CONCLUSION

The Court should deny Amguard's attempt to strip away the punitive damages claim in this case on a motion to revise.

Respectfully submitted,

 **/s/Drayton D. Berkley**
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
**attorneyberkley@gmail.com**
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN  38177

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

Lauren L. Holloway, Esq.
McAngus, Goudelock, & Courie
5350 Poplar Ave
Memphis, TN 38119
Via ECF

Attorneys for Defendants

David A. Changas, BPR No. 20679
424 Church Street, Suite 2500
Nashville, TN 37219
Attorney for Anthony Lancaster and Lancaster Agency

This, the 3rd day of June 2022

                                        **/s/Drayton D. Berkley**
                                        **Drayton D. Berkley**