IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IVA JOY AND WILLIAM JOY, ) | |
| ) | |
|    Plaintiffs ) | |
| ) | No.  1:20-CV-01131-STA-jay |
| vs. ) | |
| ) | JURY DEMAND |
| AMGUARD INSURANCE COMPANY, ) | |
| ) | |
|    Defendant/Third Party Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| ANTHONY LANCASTER INSURANCE ) | |
| AGENCY, INC. and ) | |
| ANTHONY LANCASTER, ) | |
| ) | |
|    Third Party Defendants. ) | |

**MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO
SHUNNICA AYERS'S CRIMIAL HISTORY**

The Third-Party Defendants, Anthony Lancaster Insurance Agency, Inc. and Anthony Lancaster (the "Agency"), by and through counsel, move this Court *in limine* to preclude any reference to Shunnica Ayers's criminal history. In support of this Motion, the Agency states as follows:

Shunnica Ayers, who is an employee of the Agency at the center of the underlying controversy, previously pleaded guilty to prescription fraud and identity theft charges. She currently is on probation related to those charges and the guilty plea she entered. No party should be permitted to cross-examine or otherwise question Ms. Ayers on those charges, as evidence of them is irrelevant to the issues in this suit.

Relevant evidence is that which has a tendency to make a fact more or less probable than it would be without the evidence *and* which is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is inadmissible.

In this case, the actions alleged to have been undertaken by Ms. Ayers relate to her online completion of a homeowners' insurance application. There is no dispute to the action she undertook in selecting that Plaintiffs' home contained "Automatic Sprinklers." The circumstances surrounding that action may be in dispute, but there is no allegation that she acted in a fraudulent manner. Rather, she interpreted the term "Automatic Sprinklers" to include the irrigation system that the home, in fact, had. Accordingly, an introduction of evidence pertaining to Ms. Ayers's criminal history has no bearing on the trial of this case and the court should exclude it as being irrelevant under Rule 402.

If the Court somehow determines that evidence of Ms. Ayers's convictions is irrelevant, it nevertheless should be excluded under Rule 403, as the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The Agency submits that the evidence of Ms. Ayers's prior criminal conviction has no probative value at all, but if the argument is made that it does, any such value is substantially outweighed by the danger of unfair prejudice.

For these reasons, the Agency respectfully requests that the Court enter an order precluding any party from referencing Ms. Ayers's criminal history.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: */s/ David A. Changas*
    David A. Changas, BPR No. 20679
    424 Church Street, Suite 2500
    Nashville, TN  37219
    Telephone: (615) 259-1366
    dchangas@lewisthomason.com

    *Attorney for Third Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail and email. Parties may access this filing through the Court's electronic filing system.

    Drayton D. Berkley, Esq.
    Pembroke Square
    119 South Main Street, Suite 500
    Memphis, TN  38103

    Brian Walthart, Esq.
    McAngus Goudelock & Courie, LLC
    201 Fourth Avenue North, Ste. 1400
    Nashville, TN 37219

This 13th day of June, 2022.

    */s/ David A. Changas*