# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| IVA JOY and WILLIAM JOY, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:20-cv-1131-STA-jay |
| ) | |
| AMGUARD INSURANCE COMPANY, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY LANCASTER ) | |
| INSURANCE AGENCY, INC., and ) | |
| ANTHONY LANCASTER, ) | |
| ) | |
| Third-Party Defendants. ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR REVISION
## ORDER DENYING SUMMARY JUDGMENT *SUA SPONTE* ON PLAINTIFFS' CLAIM FOR BAD FAITH

Before the Court is Defendant AmGuard Insurance Company's Motion to Revise Orders on Motions for Summary Judgment (ECF No. 85) filed April 14, 2022. AmGuard moves for the reconsideration, at least in part, of the Court's rulings on the parties' Rule 56 motions. *See* Order Denying Def.'s Mot. for Summ. J., Order Denying Pls.' Mot. for Partial Summ. J., and Order Granting in Part, Denying in Part Third-Party Defs.' Mot. for Summ. J., Feb. 17, 2022 (ECF No. 83). Plaintiffs Iva Joy and William Joy and Third-Party Defendants Anthony Lancaster Insurance Agency and Anthony Lancaster have filed separate responses in opposition (ECF No. 86, 87). A jury trial is currently scheduled to begin on June 27, 2022. For the reasons set forth

below, AmGuard's Motion for Revision is **DENIED**. The Court further holds that genuine issues of material fact remain on the Joys' claim for bad faith.

## BACKGROUND

The Court set out the factual contentions of the parties in its summary judgment ruling and need not recite the facts in full here. Briefly, Plaintiff Iva Joy applied for a homeowners insurance policy issued by Defendant AmGuard Insurance Company ("AmGuard"). Joy worked with an insurance agency, the Anthony Lancaster Insurance Agency, Inc. ("the Lancaster Agency"), and its owner Anthony Lancaster ("Lancaster") to obtain coverage with AmGuard. The Lancaster Agency was an authorized agent of AmGuard. Joy's policy conditioned coverage on the presence of a sprinkler system in the home for fire suppression. It turned out, however, that Joy's residence did not have a sprinkler system, so when a fire broke out in the home several months later, the property suffered serious damage. AmGuard thereafter denied Joy's claim for the damages, citing the policy condition based on the sprinklers.

At summary judgment, AmGuard sought judgment as a matter of law on the Joys' claim for breach of the insurance policy and their separate claim for the bad faith penalty under Tenn. Code Ann. § 56–7–105(a). AmGuard argued in its briefing that the Joys could not prove a breach of contract because Iva Joy's application for the policy contained a misrepresentation about the presence of sprinklers in the home. AmGuard further argued that if the Joys could not prove a breach of their insurance policy, their claim that AmGuard had denied the claim in bad faith was also without merit. Def.'s Mem. in Support Mot. for Summ. J. 7-8 (ECF No. 56-2) ("Again, it is clear that Plaintiff Iva Joy signed the Proposal of Insurance specifically affirming that sprinklers were in Plaintiffs' residence. Accordingly, as a matter of law, there can be no finding of bad faith.") and ("Here, as a matter of law, there is no evidence of bad faith. The

Policy, by its terms, does not provide coverage. Plaintiff Iva Joy expressly misrepresented that there were sprinklers in Plaintiffs' home.").

In denying AmGuard's Rule 56 motion, the Court held, among other things, that genuine issues of material fact remained for trial over whether AmGuard was liable to Plaintiffs Iva Joy and William Joy for the breach of Iva Joy's homeowners insurance policy. The Court noted a number of disputed and unresolved questions of fact about the circumstances surrounding Iva Joy's application for the policy, perhaps most important among them "the question of how and with whom a misrepresentation about the sprinklers originated." Order Denying Def.'s Mot. for Summ. J. 20 (ECF No. 83). The parties seemed to agree that an employee of the Lancaster Agency made a mistake and somehow added the information about the sprinkler system to the initial Proposal of Insurance. Without additional proof to explain how the erroneous information found its way into the Proposal of Insurance, the Court held that genuine issues remained for trial on the Joys' claim for breach of the policy.

The Court went on to grant in part and deny in part Lancaster and the Lancaster Agency's Rule 56 Motion on AmGuard's third-party claims for indemnification. The Court granted Lancaster and the Lancaster Agency judgment as a matter of law on two issues, finding that AmGuard by its failure to address the issues had waived them: first, the possible mootness of the indemnity claim if the Joys could not prove their estoppel claim against AmGuard, and second, the Lancaster Agency's duty to indemnify AmGuard for a potential bad faith penalty and award of punitive damages. The Court denied Lancaster and the Lancaster Agency's Rule 56 motion as to the remaining issues. The Court held that in the event the Joys prevailed against AmGuard, genuine issues of fact remained for trial on whether AmGuard incurred a loss due to Lancaster's "negligence, error or omission," terms used in the indemnification clause of the parties' agency

agreement. The Court also held that genuine issues also remained over the question of whether AmGuard's own failure to act somehow contributed to the "ensuing loss."

AmGuard now seeks reconsideration of the Court's summary judgment on a series of issues. First, AmGuard argues that the Court should revisit its ruling that AmGuard waived its opposition on the bad faith penalty and punitive damages claims for which Amguard seeks indemnification from Lancaster and the Lancaster Agency. AmGuard contends that the Third-Party Defendants failed to cite any evidence to support their argument for judgment as a matter of law on the issue of bad faith and punitive damages. Second, AmGuard argues that the Court should reconsider its holding that AmGuard had waived its opposition to Lancaster and the Lancaster Agency's motion for summary judgment by failing to respond to the argument that Third-Party Defendant would owe AmGuard no duty to indemnify should AmGuard not be liable to the Joys. AmGuard now argues that the clear terms of the indemnity agreement entitled AmGuard to any costs that it incurs as a result of the Lancaster Agency's negligence. AmGuard maintains that it did not intentionally waive either of these issues at summary judgment.

AmGuard also seeks reconsideration of the Court's ruling on the bad faith claim. According to AmGuard, the Court's order did not squarely address AmGuard's argument for judgment as a matter of law on the bad faith claim. AmGuard argues that even accepting the Court's decision to deny AmGuard summary judgment on the Joys' underlying claim for breach of the insurance contract, the Joys still cannot prevail on their bad faith claim due to the fact that Iva Joy's policy excluded coverage for the Joys' fire loss. The policy conditioned AmGuard's coverage on the presence of sprinklers in the home for fire suppression, and the undisputed evidence shows that the Joys' home was not equipped with sprinklers. AmGuard contends then that the Joys cannot prove that their policy was due and payable or that AmGuard acted in bad

faith by denying their claim. The Joys responded to AmGuard's Motion to Revise. The Joys simply answer that AmGuard failed to raise this specific argument in its Rule 56 motion and cannot use a motion for the revision of an interlocutory order now to bring the issue before the Court. To the extent AmGuard raised the bad faith issue generally, the Joys maintain that they "refuted these arguments" and that "the Court has already considered and rejected" AmGuard's position.

Having received the parties' arguments on the bad faith issue, the Court entered an order giving the parties notice that the Court was considering granting summary judgment *sua sponte* on the Joys' claim for the bad faith penalty. Notice to the Parties of Summ. J. Sua Sponte, May 13, 2022 (ECF No. 96). The Court concluded that AmGuard had raised a colorable argument in its Motion for Revision that the Joys could not meet their burden of proof on the claim. Unless the Joys could cite evidence or legal authority to demonstrate why their bad faith claim should go to a jury, the Court notified the Joys the Court might grant AmGuard summary judgment on the claim *sua sponte* and thereby streamline the issues remaining for trial. The Court advised the Joys that they should come forward with all of their evidence related to the elements of their bad faith penalty claim and fully brief any legal authority they would like the Court to consider on this issue.

The Joys have now filed their additional evidence and legal briefing on bad faith. Pls.' Mem. Resp., June 4, 2022 (ECF No. 102). Plaintiff Iva Joy has submitted a declaration (ECF No. 102-1) containing the following facts. The Joys had been homeowners insurance customers of the Lancaster Agency for a number of years prior to December 2019. I. Joy Decl. ¶ 3. The Lancaster Agency had previously obtained homeowners coverage for the Joys through another insurance company. *Id.* ¶ 4. When Ms. Joy went to the Lancaster Agency to pay her premium in

December 2019, Shunnica Ayers, the agency's customer service representative, mentioned potential homeowners coverage with AmGuard. *Id.* ¶ 5. Ayers transferred the Joys' information in a computer system to an AmGuard proposal and submitted it electronically. *Id.* ¶ 6. Ayers did not ask Ms. Joy any questions about her property because Ayers was already familiar with it. *Id.* ¶ 7. Ms. Joy relied on Ayers and did not review the information before Ayers submitted it electronically. *Id.* ¶ 8. Specifically, both Ayers and the Lancaster Agency knew in December 2019 the Joys' home did not have a sprinkler system. *Id.* ¶ 9. Ms. Joy paid the premium quoted by AmGuard with a credit card and AmGuard accepted the payment. *Id.* ¶¶ 11, 12.

The Joys have also provided Third-Party Defendants' responses to interrogatories (ECF No. 102-2). According to the discovery, the Lancaster Agency transmitted all of the Joys' information to AmGuard electronically so that the agency does not have in its possession a paper application for Iva Joy's homeowners policy. Third-Party Defs.' Resp. to Interrogs. No. 3. Third-Party Defendants admit that the Joys were long-time customers of the Lancaster Agency and that Lancaster was familiar with the Joys' property, though the agent never visited the property. *Id.* at 7, 9. Third-Party Defendants state that the AmGuard electronic application "defaulted to 'Yes' on the use of the term 'Sprinkler System,' which was not specifically defined by AmGuard in its system" and that Shunnica Ayers understood the intake question referencing a sprinkler system to mean an outdoor irrigation system, not a fire suppression system. *Id.* at 11, 16. AmGuard never requested any information from the Lancaster Agency to prove the condition of the Joys' home, even though AmGuard's policies required it to verify the presence of a sprinkler system. *Id.* at 13.

Based on this evidence, the Joys argue that AmGuard waived the sprinkler system exclusion in the homeowners policy. Lancaster and the Lancaster Agency had actual knowledge

the home did not have a sprinkler system. By operation of law, the knowledge of the agent is imputed to AmGuard. By issuing the policy with knowledge that the property did not have sprinklers, AmGuard waived the policy term conditioning coverage on the presence of sprinklers. In the alternative, the Joys argue that AmGuard should be estopped from denying coverage based on the mistake of the Lancaster Agency. Additionally, the Joys argue that if the jury finds that Iva Joy signed the proposal of insurance in blank, then the Joys should prevail under Tennessee case law. Under each scenario, the Joys believe they can prove that the policy by its terms was due and payable. Therefore, AmGuard is not entitled to judgment as a matter of law on the claim.

AmGuard has filed a response to the Joys' summary judgment brief. AmGuard reiterates its contention that the Joys cannot prove the elements of their claim for the bad faith penalty. The Joys cannot show that their policy was due and payable, insofar as the policy contained a valid condition regarding the sprinkler system limiting AmGuard's coverage. AmGuard also argues that the Joys made a demand for payment from AmGuard but did not wait 60 days before filing their suit for the bad faith penalty. AmGuard continues to argue that the Joys have no evidence that AmGuard acted in bad faith. AmGuard has raised valid defenses to its legal liability. The Joys cannot prove their bad faith claim simply because the Lancaster Agency made a mistake.

## **STANDARD OF REVIEW**

AmGuard seeks the revision of the Court's summary judgment rulings. Local Rule of Court 7.3 addresses motions for the revision of interlocutory orders and states that "any party may move pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order" before the entry of judgment. L.R. 7.3(a); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*,

89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."). Local Rule 7.3(b) requires the moving party to specifically show

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

L.R. 7.3(b). Rule 54(b) provides that an order "that adjudicates fewer than all the claims . . . of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Local Rule 7.3(c) goes on to prohibit the repetition of any argument the party moving for revision made during the initial consideration of the issues. L.R. 7.3(c); *see also Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) ("where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.") (quotation omitted). "Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing." L.R. 7.3(c).

## ANALYSIS

The Court finds that AmGuard has not shown good cause for reconsideration of the Court's summary judgment rulings. AmGuard has not cited any newly available material fact or change in the law or a failure by the Court to consider its arguments. In the absence of some valid grounds to support reconsideration, AmGuard's Motion for Revision must be **DENIED**.

As for the Joys' claim for the bad faith penalty, the issue presented is whether the Joys have come forward with evidence to support each element of their claim and send it to a jury. Tennessee insurers have a duty to act in good faith, and, while there is no separate tort for breach of good faith, Tennessee statutory law allows insureds to seek a penalty up to 25% of the total liability when a claim is denied in bad faith. *Wynne v. Stonebridge Life Ins. Co.*, 694 F. Supp. 2d 871 (W.D. Tenn. 2010). Tennessee's bad faith statute provides as follows:

> The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code. Ann. § 56-7-105(a). Thus, under the statute, to recover bad faith penalties, a plaintiff must prove (1) that the policy of insurance had, by its terms, become due and payable; (2) the plaintiff made a formal demand for payment and then waited sixty days after making the demand before filing suit; and (3) the refusal to pay was made in bad faith. *See Riad v. Erie Ins.*

*Exchange*, 436 S.W.3d 256, 270 (Tenn. Ct. App. 2013); see also *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 361 (6th Cir. 2018).

As an initial matter, AmGuard has filed its own brief, arguing for the first time that the Joys failed to comply with the 60-day waiting period described in Tenn. Code. Ann. § 56-7-105(a). The Court notes that AmGuard did not raise this issue in its Answer to the Amended Complaint (ECF No. 36) or in its Rule 56 motion (ECF No. 56) and that the Court did not identify this issue in its Notice (ECF No. 96) to the parties on the possibility of summary judgment *sua sponte*. Because AmGuard had not previously argued this point, a grant of summary judgment without prior notice to the Joys would be improper. "A district court does not abuse its discretion in *sua sponte* granting summary judgment so long as the losing party was on notice that it had to come forward with all of its evidence and had a reasonable opportunity to respond to all the issues to be considered by the court." *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte,* so long as the opposing party was on notice that it had to come forward with all of its evidence."). Therefore, the Court declines to consider AmGuard's argument on the 60-day element.

As for the remaining elements, the Court holds that genuine issues of fact remain for a jury on the Joys' claim for the bad faith penalty. First, the Joys have carried their burden to show that they were entitled to have AmGuard cover their claim.[1] Viewing the evidence in the

---

[1] The cases applying Tennessee law discuss this element in terms of a policy becoming "due and payable." That expression does not appear in the text of Tenn. Code. Ann. § 56-7-105(a). AmGuard argues that the policy could not have become "due and payable" because the policy contained a condition the Joys did not meet, the installation of the sprinklers. AmGuard's

light most favorable to the Joys, the proof shows that the erroneous information about fire suppression sprinklers in the Joys' home originated in AmGuard's electronic form, which the Lancaster Agency used to send Iva Joy's information to AmGuard. The Joys have cited evidence that the computer form or program used by AmGuard contained the prompt about a sprinkler system.  Iva Joy had no role in entering information into the form or in providing the information to the Lancaster Agency before Shunnica Ayers, an employee of the agency, entered or transferred the Joys' information into the AmGuard form.  According to Third-Party Defendants' discovery responses, the default answer in the form or program to AmGuard's question about the presence of sprinklers on the property was "Yes."  Ayers apparently understood the question to refer to outdoor irrigation sprinklers, and not a fire suppression device and did not change the default answer to show that the Joys' home was not equipped with sprinklers, even though the Lancaster Agency knew the home did not have sprinklers.

Accepting this evidence as true, AmGuard would be estopped under Tennessee law from denying coverage, meaning that the Joys' policy was due and payable.  As the Court noted in its previous summary judgment ruling, "[a]n insurance company is generally deemed estopped to deny policy liability on a matter arising out of the negligence or mistake of its agent, and if either party has to suffer from an insurance agent's mistake, it must be the insurance company." *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 519–20 (Tenn. 2012) (collecting cases).  The Court holds then that the Joys have come forward with sufficient evidence to prove that their coverage was "due and payable," despite the condition contained in their policy.[2]

---

argument, however, is not persuasive in view of the evidence the Joys have brought forward to support their theory of estoppel.

[2] The Joys make an alternative argument that AmGuard waived the policy condition by

The Court also holds that the Joys have carried their burden to survive summary judgment on the question of whether AmGuard refused to pay the claim in bad faith. A plaintiff alleging that its insurer has acted in bad faith must prove that the insurance company failed to "act in good faith and in a diligent manner in its investigation, negotiation, defense, and settlement of claims brought." *State Auto Ins. Co. of Columbus v. Rowland*, 427 S.W.2d 30, 33 (Tenn. 1968); *see also Johnson v. Tenn. Farmers Mut. Ins. Co.*, 205 S.W.3d 365 (Tenn. 2006).[3] A plaintiff must show bad faith through "facts that tend to show a willingness on the part of the insurer to gamble with the insured's money in an attempt to save its own money or any intentional disregard of the financial interests of the plaintiff in the hope of escaping full liability." *Johnson*, 205 S.W.3d at 370 (internal quotation omitted). "To sustain a claim for failure to pay in bad faith a plaintiff must demonstrate that there were no legitimate grounds for disagreement about the coverage of the insurance policy." *Fulton Bellows, LLC v. Fed. Ins. Co.*, 662 F. Supp. 2d 976, 996 (E.D. Tenn. 2009) (internal quotation and citations omitted). "The question of an insurance company's bad faith is for the jury if from all of the evidence it appears that there is a reasonable basis for disagreement among reasonable minds as to the bad faith of the insurance company in the handling of the claim." *Johnson*, 205 S.W.3d at 370.

---

virtue of the Lancaster Agency's actual knowledge that the Joys' home did not have sprinklers. Under this theory, the fact that the policy contained a condition that the Lancaster Agency knew to be contrary to the facts resulted in AmGuard's waiver of the condition. Because the Joys have introduced proof that the Lancaster Agency's mistake should estop AmGuard from denying coverage, the Court need not address the full merits of the separate theory of waiver.

[3] Defendant points out that *Johnson* did not involve a claim for the statutory bad faith penalty but a common law claim for bad faith based on an insurer's failure to settle a claim. Be that as it may, courts applying Tennessee law have cited Johnson's discussion of bad faith and applied it by analogy to the bad faith statute. *E.g. LBC Assocs. Chattanooga #1 v. Allied Prop. & Cas. Ins. Co.*, 2021 WL 5154245, at *4 (W.D. Tenn. 2021).

The Joys have introduced enough evidence to show a reasonable basis for disagreement concerning AmGuard's bad faith. The proof viewed in a light most favorable to the Joys shows that the Lancaster Agency had actual knowledge of the condition of the Joys' property, including the absence of a sprinkler system in their home. As an authorized agent of AmGuard, the Lancaster Agency's knowledge is imputed to AmGuard. The proof further shows that AmGuard utilized an electronic form to gather information about the Joys' property. The Lancaster Agency used the form to switch Ms. Joy's homeowners insurance to AmGuard from a previous carrier. The information about a sprinkler system originated in a prompt in AmGuard's electronic form. AmGuard's form included a default answer that the subject property did, in fact, have sprinklers for fire suppression. AmGuard's agent, an employee of the Lancaster Agency, misunderstood the meaning of the term "sprinklers" and submitted information to AmGuard that the Joys' home had a sprinkler system. A reasonable juror could find from this proof that AmGuard interjected the information about the sprinkler system and that Ayers' error about the nature of the question resulted in the sprinkler condition finding its way into the Joys' policy, despite the Lancaster Agency's actual knowledge that the property did not have sprinklers.

Furthermore, AmGuard denied Iva Joy's claim based on its conclusion that the home lacked a sprinkler system and that Ms. Joy had misrepresented the use of sprinklers in her home. While it is true that the policy on its face conditioned coverage on the sprinklers, AmGuard never investigated the Joys' claim about the error in their processing of their policy, a mistake that originated with AmGuard's intake form, AmGuard's agent, or both. The Court would point out, just as it did in the October 2021 hearing with counsel, that home sprinkler systems are rare, if not nonexistent, in rural West Tennessee. There is also evidence in the record that AmGuard

did not follow its own internal policies. According to the Lancaster Agency, AmGuard's practice was to merely drop the discount on the homeowners premium and remove the condition from the policy if the homeowner never provided proof of the device. There is no evidence that AmGuard took these steps. Instead AmGuard denied the Joys' claim a short time after the fire and has insisted at all times since and in disregard of any facts to the contrary that the Joys had breached a condition of coverage. Because AmGuard denied their claim without additional investigation, the Joys were denied coverage for living expenses or the repair of their home. A jury could find from this proof that AmGuard blindly stood by the terms of the policy and never inquired further into the circumstances surrounding the sprinkler issue, all to avoid liability to the Joys. This evidence is inconsistent with a good faith belief in its defense about the policy exclusion or Iva Joy misrepresenting the presence of sprinklers in her home.

## CONCLUSION

AmGuard has failed to raise any proper grounds for revision of the Court's summary judgment rulings. AmGuard's Motion for Revision is **DENIED**. The Court finds that the Joys have adduced enough evidence to send their claim for the bad faith penalty to a jury. As a result, summary judgment on the claim is not warranted.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 14, 2022.