IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IVA JOY and WILLIAM JOY,  )<br>  )<br>    Plaintiffs,  )<br>v.  )<br>  )<br>AMGUARD INSURANCE COMPANY,  )<br>  )<br>    Defendant/Third-Party Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ANTHONY LANCASTER  )<br>INSURANCE AGENCY, INC., and  )<br>ANTHONY LANCASTER,  )<br>  )<br>    Third-Party Defendants.  ) | No. 1:20-cv-1131-STA-jay |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE (ECF NO. 108)**

Before the Court is Defendant/Third-Party Plaintiff AmGuard Insurance Company's Motion in Limine (ECF No. 108) filed June 13, 2022. AmGuard asks the Court to exclude from evidence a document purporting to show an internal procedure used by AmGuard to follow up with its agents (or its homeowners' insurance customers) where policies condition coverage at an insured property on the presence of automatic sprinklers for fire suppression. Plaintiffs Iva Joy and William Joy and Third-Party Defendants Anthony Lancaster Insurance Agency, Inc. and Anthony Lancaster have filed separate responses in opposition. For the reasons set forth below, the Motion is **DENIED**.

1

In its Motion in Limine, AmGuard seeks a court order excluding from evidence a document produced in discovery, purporting to describe AmGuard's internal procedures. The relevant portion of the document reads as follows:

**Automatic Sprinkler Cert/Photo**
**Required if:** On the Home Specifics tab -> Automatic Sprinklers are listed as Yes
**Required by:** After issuance; 30 days
**Procedure:** Issue the policy. If the cert/photo is not in file already, send the conversation requesting the cert/photo. Set a diary for 15 days. After 15 days, if the cert/photo is still not in file, we will send the follow up conversation and reset our diary for another 15 days. If not received after the full 30 days, we will endorse (Eff. the date of endorsement) the policy to change the Yes to a No.

If the cert/photo is received after the policy was already endorsed to change the answer to No, we will endorse the policy effective the installation date on the cert/date the photo was sent in to change the answer back to a Yes.

AmGuard anticipates that the Joys will introduce the evidence in an effort to argue that AmGuard breached its policy with the Joys by failing to follow this procedure. AmGuard argues that the provision is not found in the Joys' homeowners insurance policy with AmGuard and therefore cannot be cited to show that AmGuard had any extracontractual duty to the Joys. The procedure would constitute impermissible parol evidence to vary the terms of the parties' contract. AmGuard contends then that the proof is irrelevant to the Joys' breach of contract claim, and any probative value it may possess is substantially outweighed by the risk of unfair prejudice to AmGuard.

For similar reasons, AmGuard also asks the Court to preclude Third-Party Defendants Anthony Lancaster ("Lancaster") and the Anthony Lancaster Insurance Agency ("the Lancaster Agency") from introducing the same exhibit. If the jury finds AmGuard liable to the Joys, AmGuard seeks indemnification from Lancaster and the Lancaster Agency pursuant to the indemnification clause of the parties' agency agreement. To the extent that Lancaster and the Lancaster Agency may argue to the jury that AmGuard failed to follow its internal policy, such an

agreement would take what is a contractual dispute and turn it into a question of comparative negligence. According to AmGuard, "AmGuard's internal policies do not affect the unambiguous terms of the Agency Agreement in any way." Mot. in Limine 7, June 13, 2022 (ECF No. 108). For each of these reasons, AmGuard requests an evidentiary ruling from the Court that the exhibit will not be admissible at trial.

The Joys have responded in opposition to the Motion in Limine. The Joys contend that one of AmGuard's defenses in this case is that Iva Joy misrepresented the facts about a sprinkler system in her home as part of her application for the homeowners' insurance policy. AmGuard's internal procedure requiring the company to confirm the existence of a sprinkler after issuing the policy is relevant to the defense and Iva Joy's alleged intent to deceive. The policy is also relevant to the question of whether AmGuard's intake form and its query regarding "automatic sprinklers" was ambiguous. As far as the Joys' own claims for relief, AmGuard's internal procedure is relevant to the Joys' claims for Tennessee's statutory bad faith penalty and punitive damages. Finally, the Joys counter that the exhibit is highly relevant and that AmGuard's own document cannot cause it unfair prejudice.

Third-Party Defendants have filed a similar response. Third-Party Defendants emphasize that the policy refers to "automatic sprinklers," and not "fire sprinklers" as AmGuard uses the phrase in its briefing. Lancaster and the Lancaster Agency argue that this misnomer underscores the ambiguity of the term. As for the merits of AmGuard's argument, Lancaster and the Lancaster Agency contend that AmGuard's internal policy is relevant. Lancaster and the Lancaster Agency argue that under Tennessee law AmGuard cannot recovery indemnity from the Lancaster Agency if the proof shows that AmGuard's own concurrent negligence was a cause of its losses. In this case the proof will show that AmGuard failed to follow its own policy and confirm the existence

of the sprinkler system in the Joys' home.  Had AmGuard done so and discovered that the Joys did not have interior sprinklers, then AmGuard would have simply removed the sprinkler endorsement from the Joys' insurance policy and charged the Joys a higher annual premium, amounting to around $100.  Lancaster and the Lancaster Agency argues that the Court should deny the Motion.

## **ANALYSIS**

The issue presented is whether the Court should exclude proof that AmGuard had an internal policy requiring the submission of certain follow-up information to confirm the installation of an "automatic sprinkler" system at an insured property.  AmGuard asks the Court to exclude the proof because the Joys' claims are contractual in nature and the existence of the internal policy has no relevance to their breach-of-contract claim against AmGuard.  AmGuard further argues that its indemnification claim against the Lancaster Agency is likewise contractual, and so proof of the internal policy is irrelevant.

While the Court agrees that the parties' claims against each other sound in contract, the Court holds that the evidence AmGuard seeks to exclude is relevant in this case under Federal Rule of Evidence 401.  The Joys have alleged two principal theories of liability against AmGuard: (1) that the AmGuard waived the policy condition regarding automatic sprinklers at the Joys' property, and (2) that AmGuard is estopped from denying coverage due to the mistake of its agent, the Lancaster Agency. The Joys have the burden to prove as part of their waiver theory that AmGuard voluntarily surrendered its right to enforce the policy condition regarding automatic sprinklers, either through its actions or its failure to act. *See* 8 Tenn. Prac. Pattern Jury Instr.-Civil 13.25 (2021 ed.) ("Waiver is the voluntary surrender of a known right. It can be proved by statements, acts, or conduct of a party showing an intent not to claim a right.").

4

For its part, AmGuard alleges that Iva Joy misrepresented the facts about an automatic sprinkler system when she applied for the policy, meaning AmGuard must prove Ms. Joy acted with the intent to deceive AmGuard. *Id*. at 13.25. The Joys also seek an award of Tennessee's statutory bad faith penalty against AmGuard for the denial of their insurance claim. In support of that claim, the Joys must prove that AmGuard's refusal to pay was made in bad faith. *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 361 (6th Cir. 2018) (applying Tennessee law). The Court holds that proof of AmGuard's internal procedures and the question of whether it followed its procedures in this instance are relevant to one or more of these issues to be decided by the jury.

Furthermore, AmGuard seeks indemnification from the Lancaster Agency for breach of the agency agreement. As the Court explained in its summary judgment rulings, AmGuard's contract with the Lancaster Agency requires indemnification whenever AmGuard incurs a loss due to Lancaster's "negligence, error or omission." However, the Lancaster Agency can assert as a defense to the indemnification claim that AmGuard's own negligence contributed to the loss. Under Tennessee law, "there can be no recovery where there was concurrent negligence of both indemnitor and indemnitee unless the indemnity contract provides for indemnification in such case by 'clear and unequivocal terms.'" *Farmers Mut. of Tenn. v. Athens Ins. Agency*, 145 S.W.3d 566, 569 (Tenn. Ct. App. 2004) (quoting *Kroger Co. v. Giem*, 387 S.W.2d 620 (Tenn. 1964)). The Lancaster Agency argues that AmGuard failed to follow its own policy and that its failure constitutes concurrent negligence. The Court concludes then that proof of AmGuard's internal procedure is relevant to the issues for the jury to decide and its probative value outweighs any unfair prejudice to AmGuard.

**IT IS SO ORDERED**.

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            CHIEF UNITED STATES DISTRICT JUDGE

            Date: June 23, 2022