# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| IVA JOY and WILLIAM JOY, ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> AMGUARD INSURANCE COMPANY, ) <br> ) <br>     Defendant/Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY LANCASTER ) <br> INSURANCE AGENCY, INC., and ) <br> ANTHONY LANCASTER, ) <br> ) <br>     Third-Party Defendants. ) | No. 1:20-cv-1131-STA-jay |

## ORDER GRANTING IN PART THIRD-PARTY DEFENDANTS' MOTION IN LIMINE
## (ECF NO. 110)

Before the Court is Third-Party Defendants Anthony Lancaster Insurance Agency, Inc. and Anthony Lancaster's Motion in Limine (ECF No. 110) filed June 13, 2022. Third-Party Defendants argue that the Court should exclude from the proof at trial a number of matters that are inadmissible under the Federal Rules of Evidence. Defendant and Third-Party Plaintiff AmGuard Insurance Company, Inc. has responded opposing the Motion in Limine in part, and conceding other issues. Plaintiffs Iva Joy and William Joy have not responded, and the time to do so has now passed. For the reasons set forth below, the Motion in Limine is **GRANTED** in part. The Court reserves its rulings until trial on the remaining issues.

### I. Exclusion of Non-Party Witnesses

As an initial matter, Third-Party Defendants have invoked the Rule and requested that the Court exclude from the courtroom any lay witness who will testify during the trial and instruct the witnesses that they may not confer with one another concerning their testimony. Third-Party Plaintiff does not oppose the request. Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. The Rule does not apply to persons who are themselves parties to the action and to an officer or employee of a party which is not a natural person. *Id*. Based on the plain text of the Rule and the parties' agreement on the issue, Third-Party Defendants' Motion is **GRANTED**. The Court will limit the presence of non-party witnesses expected to testify at trial, if any, and instruct witnesses not to confer with one another about their testimony prior to testifying.

### II. Settlement Discussions

Third-Party Defendants also request that the Court exclude any reference to the parties' attempts to settle the case, a request Third-Party Plaintiff does not oppose. Federal Rule of Evidence 408 prohibits the use of certain evidence concerning attempts to negotiate or settle a dispute. The following evidence is "is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

The Court finds that Third-Party Defendants' request on this point is well taken. Therefore, the Court will exclude any reference to or comments about the parties' prior settlement negotiations.

### III. Evidence Not Previously Disclosed in Discovery

Third-Party Defendants next argue that the Court should exclude any evidence not previously disclosed in discovery. Federal Rule of Civil Procedure 37(c)(1) mandates the exclusion of any information or witness at trial if the proponent of the information or witness fails to disclose it during discovery, unless the party's failure to make the disclosure was substantially justified or harmless. "Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Sexton v. Uniroyal Chem. Co.*, 62 F. App'x 615, 616 n.1 (6th Cir. 2003) (citation and internal quotation marks omitted). The Court finds that Third-Party Defendants have not actually argued for the exclusion of any specific evidence or witness. They simply make a broad and somewhat vague request that the Court exclude previously undisclosed evidence. The Court finds that this request fails the particularity requirement. Fed. R. Civ. P. 7(1)(B) (requiring a motion for a court order to "state with particularity the grounds for seeking the order"). The request also calls for the Court to make a determination that is not yet ripe. Under the circumstances, the Court will take this matter under advisement and reserve its ruling for trial, to the extent that any party seeks to introduce previously undisclosed evidence or to call an undisclosed witness in violation of Rule 26.

### IV. The Court's Rulings and the Parties' Filings and Pleadings

Third-Party Defendants argue that the Court should not permit any reference to the Court's pretrial rulings or to any other rulings the Court may issue at trial and outside of the presence of the jury. Third-Party Defendants further request the exclusion of any reference to Third-Party

3

Defendants' pleadings, motions, or any other request made by Third-Party Defendants prior to trial.

The entry of a pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d); *see also* Setting Ltr., ex. Pretrial Procs., Dec. 1, 2020 (ECF No. 29) ("After the pretrial conference, the Court will enter a Pretrial Order which shall govern the conduct at trial and will constitute the final statement of the issues involved."). Generally speaking, a pretrial order supersedes all prior pleadings and motion practice leading up to trial and precludes any party from raising an issue not otherwise identified in the pretrial order. *See Ghandi v. Police Dept. of City of Detroit*, 823 F.2d 959, 962 (6th Cir. 1987); 6 C. Wright and A. Miller, *Federal Practice & Proc.* § 1527, at 605 (1971) ("Thus, . . . an attempt to pursue any issue not listed in the order may be rejected by the trial court."); *Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 875 (6th Cir. 2017).

The Court has entered a Pretrial Order (ECF No. 135) in this case, superseding all previous pleadings and motions filed by the parties. Any reference in the presence of the jury to the parties' pleadings or motions would be irrelevant to the determination of the issues remaining for trial. To the extent that any party intends to refer to a previous ruling of the Court in its argument, counsel should make the argument outside the presence of the jury or at sidebar. Therefore, the Motion in Limine is **GRANTED** as to this issue.

V. **Golden Rule and Appeals to Sympathy**

Third-Party Defendants argue that the Court should not permit a Golden Rule argument to the jury about Third-Party Defendants' moral duty to any other party. Third-Party Defendants further argue that the Court should prohibit appeals to the sympathy of the jury such as placing themselves in the position of Plaintiffs. The Court agrees that argument of this sort is improper.

4

"[A] Golden Rule appeal in which the jury is asked to put itself in [one of the party]'s position is *universally recognized as improper* because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Hall*, 979 F.3d 1107, 1119–20 (6th Cir. 2020) (quoting *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (internal punctuation omitted); *see also Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011) (rejecting the Golden Rule appeal in civil jury trials). Such an appeal would contradict the Court's instructions to the jury before trial, during the trial, and in its final jury instructions that they should reach a verdict free from any sympathy or bias. Therefore, the Motion is **GRANTED** as to this issue.

## VI.     Comments About Observers in the Courtroom

Third-Party Defendants move for the prohibition of any references to or comments about others present in the courtroom during the trial or questions about the identity of such persons. Just as with Third-Party Defendants' request to exclude undisclosed evidence, Third-Party Defendants have not actually stated with particularity the grounds for this Motion. The Court will therefore reserve any ruling on the request and take up the issue as it may arise at trial.

## VII. References to Other Litigation or Claims Against Third-Party Defendants

Third-Party Defendants next argue that the Court should exclude any evidence or argument concerning any other litigation, lawsuits, arbitration, or administrative claims involving Third-Party Defendants. The Court tends to agree that proof of this kind is no relevance to the issues in this case and that even if it somehow did have relevance, the risk of unfair prejudice to Third-Party Defendants and confusion to the jury would likely outweigh any probative value it may have. Fed. R. Evid. 403. The evidence would also likely constitute inadmissible prior bad acts evidence. Fed. R. Evid. 404. Therefore, the Motion is **GRANTED** on this issue.

## VII. Comments Regarding Representation

Third-Party Defendants finally seek the exclusion of any comments or references to the law firm representing them in this matter, to include the size and location of the firm, the amount of resources devoted to the firm's representation of Third-Party Defendants, and the cost of the defense. The Court agrees that this proof would have no relevance to the issues in the case and would perhaps cause unfair prejudice to Third-Party Defendants. The Motion in Limine is **GRANTED** on this issue.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 23, 2022