# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| IVA JOY and WILLIAM JOY,           ) | |
|                                     ) | |
|       Plaintiffs,                   ) | |
| v.                                  ) | No. 1:20-cv-1131-STA-jay |
|                                     ) | |
| AMGUARD INSURANCE COMPANY,  ) | |
|                                     ) | |
|       Defendant/Third-Party Plaintiff, ) | |
|                                     ) | |
| v.                                  ) | |
|                                     ) | |
| ANTHONY LANCASTER                   ) | |
| INSURANCE AGENCY, INC., and         ) | |
| ANTHONY LANCASTER,                  ) | |
|                                     ) | |
|       Third-Party Defendants.       ) | |

## ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION IN LIMINE
## (ECF NO. 113)

Before the Court is Third-Party Defendants Anthony Lancaster Insurance Agency, Inc. ("the Lancaster Agency") and Anthony Lancaster ("Lancaster")'s Motion in Limine (ECF No. 113) filed June 13, 2022. Third-Party Defendants argue that the Court should exclude from the proof at trial any evidence of attorney's fees incurred by Third-Party Plaintiff AmGuard Insurance Company, Inc. ("AmGuard") as an element of damages on its claim for indemnification. Third-Party Defendants state that AmGuard failed to disclose any information about its request for attorney's fees during the discovery process, either in its initial disclosures, in its responses to Third-Party Defendants' discovery requests, or in its pretrial disclosures. While acknowledging that AmGuard has incurred and will continue to incur attorney's fees through trial, Third-Party

1

Defendants contend that AmGuard has never provided them with notice or disclosure of the amount of fees it will seek. An order excluding any proof of attorney's fees is therefore warranted.

AmGuard has responded in opposition. AmGuard answers that Third-Party Defendants cannot claim surprise or show prejudice. AmGuard's Third-Party Complaint sought an award of attorney's fees. The parties' agency agreement also provides for an award of attorney's fees. AmGuard states that its current legal fees total $47,061.00. AmGuard will continue to incur attorney's fees through the completion of the trial. In the final analysis, the proper amount of fees is a question for the Court to be answered post-trial through a fee petition.

The Court finds that AmGuard has the better of this argument. Federal Rule of Civil Procedure 26 governs discovery disclosures and requires a party to produce initial disclosures which include "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(a)(3) goes on to require certain pretrial disclosures in addition to the initial disclosures described in Rule 26(a)(1). As part of its pretrial disclosures, a party must provide to the other parties the names of its trial witnesses and "an identification of each document or other exhibit" it intends to present at trial. Fed. R. Civ. P. 26(a)(3)(A)(i) & (iii). Federal Rule of Civil Procedure 37(c)(1) mandates the exclusion of any information or witness at trial if the proponent of the information or witness failed to disclose it during discovery, unless the party's failure to make the disclosure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Third-Party Defendants argue that AmGuard failed to disclose any information about the amount of attorney's fees it seeks as indemnity from Third-Party Defendants and that the failure to disclose the information means AmGuard cannot present that proof at trial. Third-Party Defendants' point is true, as far as it goes. A party who fails to make a discovery disclosure required by Rule 26 cannot introduce undisclosed evidence or witnesses at trial. But Third-Party

Defendants' request to exclude proof of attorney's fees presupposes that the question of AmGuard's attorney's fees will be tried to and decided by a jury. Rule 54(d) addresses claims for attorney's fees and provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). In other words, the default procedure for seeking attorney's fees in federal court requires a party to file motion with the Court, typically after trial and no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Rule 54(d) makes an exception for cases where the governing substantive law requires a party seeking attorney's fees to prove its fees to a jury. In that scenario, the discovery disclosure requirements of Rule 26 arguably apply.

The issue presented then is whether the substantive law governing AmGuard's claims against Third-Party Defendants requires a jury to make findings about AmGuard's attorney's fees. In this case the Court has subject-matter jurisdiction by virtue of the parties' diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332. A federal court sitting in diversity applies the law of the forum state. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013); *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). In this case Tennessee law governs the parties' contract dispute.[1]

AmGuard seeks an award of attorney's fees as part of its claim for contractual indemnity under Tennessee law. Tennessee courts have no discretion "to deny an award of fees mandated

---

[1] In contract cases, Tennessee follows the rule of *lex loci contractus*, meaning that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent" such as a valid contractual choice-of-law provision. *Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (applying Tennessee law); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973). There is no dispute in this case that Tennessee law applies.

3

by a valid and enforceable agreement between the parties." *Eberbach v. Eberbach*, 535 S.W.3d 467, 479 (Tenn. 2017).  Whether a party to a contract is entitled to attorney's fees is a question of law for the Court to answer in the first instance.  *Id.* at 479 n.7 ("With regard to the issue of whether Wife was entitled to a grant of attorney's fees under the MDA, the proper standard of review is *de novo* because the issue is a question of law. The proper standard for reviewing the amount of the fees awarded under the MDA is abuse of discretion.").  This is a determination for a court and not a jury, in part because "[c]ontractual provisions creating a right to recovery of attorney's fees are strictly construed and will be interpreted as an exception to the American rule [against awarding attorney's fees] only when a contract *specifically* or *expressly* provides for the recovery of attorney fees." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009).  At least one other federal court sitting in Tennessee has concluded that "the determination of attorney's fees is not properly a jury question where the prevailing party's right to collect the fees arises from a private contract provision." *Redshaw Credit Corp. v. Diamond*, 686 F. Supp. 674, 676 (E.D. Tenn. 1988) (collecting cases).

Based on this authority, the Court tends to agree with AmGuard that the question of attorney's fees is a matter for the Court to decide after the trial is complete.  In this case AmGuard alleges that the Lancaster Agency and Lancaster breached the parties' agency agreement and that the Third-Party Defendants are therefore liable to AmGuard in damages.  AmGuard seeks an award of attorney's fees based on the agency agreement's indemnification clause.  AmGuard's right to attorney's fees is derived solely from the parties' contract, the proper construction of which is a legal question for the Court.  The Court need not decide now whether the parties' agreement entitles AmGuard to attorney's fees.  For purposes of the Motion in Limine, it suffices to say that the Court can and will address the issue of attorney's fees, if any, by post-trial motion under

Federal Rule of Civil Procedure 54(d).  The Court concludes that there was no violation of Rule 26's disclosure obligations.

Although AmGuard will not introduce proof of its attorney's fees at trial, the Motion in Limine to exclude the proof for failure to comply with Rule 26 is **DENIED**.

**IT IS SO ORDERED**.

                                                 **s/ S. Thomas Anderson**
                                                 S. THOMAS ANDERSON
                                                 CHIEF UNITED STATES DISTRICT JUDGE

                                               Date: June 23, 2022