IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| IVA JOY and WILLIAM JOY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:20-cv-1131-STA-jay |
| | ) | |
| AMGUARD INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY LANCASTER | ) | |
| INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## JURY INSTRUCTIONS

Members of the jury, now that you have heard all of the evidence and before you hear the arguments of the lawyers, it is my duty to instruct you on the law that applies to this case.

It is your duty to find the facts from all the evidence in the case. After you determine the facts, you must apply the law that has been given to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudice or sympathy. You must decide the case solely on the evidence before you and according to the law given to you. You must also follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law. You will also receive a written copy of these jury instructions to aid you in your deliberations.

<u>Evidence</u>

You are to decide this case only from the evidence which was presented at this trial. The evidence consists of

(1) The sworn testimony of the witnesses who have testified;

(2) The exhibits that were received and marked as evidence;

(3) Any facts to which all the lawyers have agreed or stipulated; and

(4) Any other matters that I have instructed you to consider as evidence.

<u>Direct and Circumstantial Evidence</u>

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of a witness about what the witness personally observed.

Circumstantial evidence is indirect evidence that gives you clues about what happened. Circumstantial evidence is proof of a fact, or a group of facts, that causes you to conclude that another fact exists. It is for you to decide whether a fact has been proved by circumstantial evidence. If you base your decision upon circumstantial evidence, you must be convinced that the conclusion you reach is more probable than any other explanation.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

In making your decision, you must consider all the evidence in light of reason, experience and common sense.

## Weighing Conflicting Testimony

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You should not decide an issue by the simple process of counting the number of witnesses who have testified on each side. You must consider all the evidence in the case. You may decide that the testimony of fewer witnesses on one side is more convincing than the testimony of more witnesses on the other side.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

These are the rules that should guide you, along with your common judgment, your common experience, and your common observations gained by you in your various walks in life, in weighing the testimony of the witnesses who have appeared before you in this case.

If there is a conflict in the testimony of the witnesses, it is your duty to reconcile that conflict if you can, because the law presumes that every witness has attempted to and has testified to the truth. But if there is a conflict in the testimony of the witnesses which you are not able to reconcile, in accordance with these instructions, then it is with you absolutely to determine which of the witnesses you believe have testified to the truth and which ones you believe have testified to a falsehood.

Immaterial discrepancies do not affect a witness's testimony, but material discrepancies do. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You may conclude that a witness deliberately lied about a fact that is important to your decision in the case. If so, you may reject everything that witness said. On the other hand, if you decide that the witness lied about some things but told the truth about others, you may accept the part you decide is true and you may reject the rest.

Interrogatories

During the course of the trial you may have heard reference made to the word "interrogatory." An interrogatory is a written question that must be answered under oath in writing. You are to consider interrogatories and their answers as if the questions had been asked and answered in court.

Stipulations

A stipulation is an agreement. Before the trial of this case, the parties agreed to the truth of certain facts in this action. As a result of this agreement, the plaintiff, the defendant/third-party plaintiff, and the third-party defendant entered into stipulations in which they agreed that the stipulated facts could be taken as true without the parties presenting further proof on the matter. This procedure is often followed to save time in establishing facts which are undisputed.

The parties have stipulated to the following facts in this case:

(1)     Plaintiffs Iva and William Joy are husband and wife.

(2)     Plaintiffs both lived at the residence located at 4180 Holder Road, Grand Junction, Tennessee and were joint owners of it.

(3)     On or about May 5, 2020, Plaintiffs' home and contents were destroyed in a fire.

(4)     Defendant AmGuard Insurance Company issued a policy of homeowners insurance relating to Plaintiffs' residence on December 18, 2019, which is the Policy at issue in this litigation.

(5)     At all relevant times, Anthony Lancaster Insurance Agency, Inc. was a licensed insurance producer in the state of Tennessee.

(6)     At all relevant times, Shunnica Ayers was a licensed insurance producer and employee of Anthony Lancaster Insurance Agency, Inc.

(7)     Pursuant to the Agency Agreement between AmGuard and the Agency, the Agency was licensed to sell AmGuard insurance policies, including the Policy at issue.

(8)  The Agency Agreement and Addendum attached to the Third-Party Complaint were in effect at the time Plaintiffs' policy of insurance (the "Policy") was procured.

(9)  AmGuard drafted the Agency Agreement and Addendum at issue.

(10)  AmGuard created the online application software and drafted the language in the application process.

(11)  AmGuard drafted the Policy of Insurance at issue.

(12)  Plaintiffs received a monetary discount on the Policy because the application indicated that the home contained "Automatic Sprinkler in all areas except attic, bathroom, closet & attached structure areas."

(13)  On May 13, 2020, AmGuard denied the Joys' claim under the Policy.

(14)  On June 16, 2020, Plaintiffs demanded payment in the amount of $410,666 under the Policy from AmGuard via correspondence from their counsel, Drayton Berkley.

(15)  AmGuard did not pay the claim.

(16)  Iva Joy received a copy of the Policy prior to the May 5, 2020 fire.

(17)  AmGuard sent independent investigators to Plaintiffs' property to investigate the loss.

I instruct you that you are to regard these stipulated facts as being conclusively established.

Statements of Counsel

You must not consider as evidence any statements of counsel made during the trial. If any lawyer has told you that the law is different from what I tell you that it is, you must take the

law as I give it to you.  That is my duty.  However, it is your duty and yours alone, to determine what the facts are and after you have determined what the facts are, to apply those facts to the law as I give it to you.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection, and you must assume that the answer would be of no value to you in your deliberations.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken by the Court.  Such matter is to be treated as though you had never known it.

You must never speculate to be true any insinuation suggested by a question asked of a witness.  A question is not evidence.  It may be considered only as it supplies meaning to the answer.

Corporation Not to be Prejudiced

The fact that a corporation is a party must not influence you in your deliberations or in your verdict.  Corporations and persons are equal in the eyes of the law.  Both are entitled to the same fair and impartial treatment and to justice by the same legal standards.

Theories of the Plaintiffs

The Joys have brought suit against AmGuard seeking to recover benefits on a contract of homeowners' insurance containing fire insurance coverage.  The Joys have alleged that

AmGuard breached their homeowners' insurance policy under two legal theories: (1) that AmGuard waived a policy condition regarding automatic sprinklers at the Joys' property, and (2) that AmGuard is estopped from denying coverage due to the mistake of its agent, the Anthony Lancaster Insurance Agency. The Joys further allege that AmGuard denied their insurance claim in bad faith.

## Theories of the Insurance Company

AmGuard denies that it has breached the Joys' homeowners' insurance policy. AmGuard alleges that Iva Joy misrepresented the existence of automatic sprinklers at the property in the Proposal of Insurance when she applied for the homeowners' insurance policy or authorized Shunnica Ayers to sign her name to the Proposal of Insurance without reading it. AmGuard also alleges that by signing the Proposal of Insurance or authorizing Shunnica Ayers to sign her name on the Proposal of Insurance, Ms. Joy is presumed to have read the document and accepted and understood everything in the document. As a result, the insurance company is not required to pay for the loss.

## Burden of Proof

I will now instruct you with regard to where the law places the burden of making out and supporting the facts necessary to prove the legal theories in the case.

The Joys have the burden of establishing their theories by a preponderance of the evidence. The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a preponderance of

the evidence, a party must convince you that the allegation is more likely true than not true. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed.

You must consider all the evidence pertaining to every issue, regardless of who presented it.

## Contracts and Breach Defined

A contract is an agreement or exchange of promises between two or more persons to do or not to do certain things. Like all contracts, insurance contracts will be enforced as written, unless some other grounds not to enforce the contract exist, even though the contract may contain arguably harsh or unjust terms.

If a party does not perform according to the contract terms, that party has committed a breach of the contract. Any unexcused breach of contract allows a non-breaching party to recover damages.

The Joys claim that AmGuard breached their homeowners' insurance policy by denying their claim for coverage for the dwelling, its contents, and the Joys' living expenses. AmGuard denies this.

## Waiver

The Joys have two theories about how AmGuard has breached their homeowners' insurance policy containing the fire insurance coverage. The Joys first allege that AmGuard waived the policy condition regarding automatic sprinklers.

Waiver is the voluntary surrender of a known right. It can be proved by statements, acts, or conduct of a party showing an intent not to claim a right. The parties may jointly agree to waive one or more requirements of the contract. If a party to the contract claims the other party waived a contract right, the burden of proof is on the party claiming the waiver to show that the other party gave up a contract right and did so with full and complete knowledge of the relevant facts.

If AmGuard waived a particular term in the contract, AmGuard can no longer enforce that part of the contract. The Joys claim that AmGuard waived the policy condition regarding automatic sprinklers in the Joys' home.

AmGuard denies that it waived the automatic sprinklers condition contained in the homeowners' insurance policy.


## Estoppel

The Joys next allege that AmGuard cannot enforce the policy condition regarding automatic sprinklers under a theory of estoppel. Estoppel just means a bar that prevents one party from asserting a claim or right that contradicts what the party has said or done before or what has been legally established as true. In the context of insurance, an insurance company is generally deemed estopped to deny policy liability on a matter arising out of the negligence or mistake of its agent. If someone (either the insurance customer or the insurance company) has to suffer from an insurance agent's mistake, it must be the insurance company.


## Principal and Agent

A principal can be held responsible for the acts or omissions of the principal's agent.

A person or entity who is authorized to act for another entity or in place of another entity is an agent of that entity.

For purposes of this case, the term "agent" includes an employee.

The person who authorizes the agent to act is called a "principal." For purposes of this case, the term "principal" includes an employer.

## Scope of Authority

In order to be considered the act of the principal, the act of the agent must be within the scope of the agent's authority or employment.

It is not necessary that a particular act or failure to act be expressly authorized by the principal to bring it within the scope of the agent's authority or employment. Conduct is within the scope of the agent's authority or employment if it occurs while the agent is engaged in the duties that the agent was authorized or employed to perform and if the conduct relates to those duties. Conduct for the benefit of the principal that is incidental to, customarily connected with, or reasonably necessary to perform an authorized act is within the scope of the agent's authority or employment.

## Insurance Producers

An insurance producer who solicits an application for insurance shall be regarded, in any controversy arising from the application for insurance or any policy issued in connection with the application between the insured and the insurer, as the agent of the insurer and not the insured.

Directed Imputation

It has been established that the Lancaster Agency and Shunnica Ayers were agents of AmGuard. Any act or omission relating to the contract of insurance is under law the act or omission of AmGuard. If you find that the agent is at fault, you also must find that the principal is at fault.

Defense of Misrepresentation on Application for Insurance

AmGuard alleges that Plaintiff Iva Joy made a material misrepresentation about automatic sprinklers at her home as part of her application for the homeowners' insurance policy. To establish a defense of misrepresentation on an application for insurance, AmGuard must prove by a preponderance of the evidence that Iva Joy's material representations on her insurance application were

(1) False; and

(2) Made with the intent to deceive.

In order to establish an intent to deceive, AmGuard must prove that Iva Joy sought to influence the judgment of AmGuard in issuing the policy. An intent to deceive may be inferred from a knowing and willful misrepresentation.

A person acts "knowingly" if that person desires to act in a particular manner and is aware of the probable consequences of those actions. A person acts "willfully" if that person desires to act in a particular manner and to cause the result that actually occurs.

Presumption of the Customer's Signature

AmGuard also alleges that Iva Joy signed the Proposal of Insurance, or authorized Shunnica Ayers to sign it on her behalf, which contained the statement about the automatic sprinklers in her home. When an insurance customer like Ms. Joy signs an insurance application or any other document stating the type, amount, or terms and conditions of coverage, there is a rebuttable presumption that statements provided by the person signing the document bind all insureds under the contract. There is also a rebuttable presumption that the person signing such a document has read, understands, and accepts the contents of such a document.

AmGuard has the burden to prove that Ms. Joy signed an insurance application or any other document stating the type, amount, or terms and conditions of coverage. If you find that AmGuard has carried its burden, then the Joys have the burden to rebut the presumption and show that the presumed facts about Ms. Joy reading, understanding, and accepting the contents of the document did not exist.


Contract Damages

When a contract is breached, the plaintiff is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms. The plaintiff is not entitled to be put in a better position by a recovery of damages for breach of contract than would have been realized had there been full performance. The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made. Damages that are remote or speculative may not be awarded.

Pre-Judgment Interest

The Joys seek an award of prejudgment interest from AmGuard. If the Joys are entitled to recover a judgment under the insurance policy, you may in your discretion award interest on the amount awarded at a rate not greater than 10% per year calculated from any date you choose beginning on or after August 16, 2020. The dollar amount of prejudgment interest will be calculated by the Court at simple interest.

Insurance Company Penalty for Lack of Good Faith

An insurance company owes to its policy holders the duty to use good faith and diligence in responding to claims. A penalty may be assessed against an insurance company that fails to act in good faith by refusing to pay a claim filed against an insurance policy.

Before a policy holder may recover a penalty for lack of good faith, the policy holder must show that

(1) the policy of insurance has, by its terms, become due and payable;

(2) a formal demand for payment was made;

(3) the policy holder waited 60 days after making the formal demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days); and

(4) the refusal to pay was not in good faith.

An insurance company did not use good faith if it frivolously or unjustifiably refused to comply with the policy holder's demand to pay according to the terms of the policy. If there is any reasonable ground for the insurance company's failure to pay the claim, the insurance company has acted in good faith.

14

The policy holder has the burden of proving the lack of good faith of the insurer in denying payment on the insurance policy.

If AmGuard failed to act in good faith, the Joys may recover additional damages from AmGuard measured by the additional expense, loss, or injury caused the Joys by AmGuard's conduct. The additional amount cannot exceed 25% of the damages you have previously awarded to the Joys.

## All Instructions Not Necessarily Applicable

The Court has given you various rules of law to help guide you to a just and lawful verdict. Whether some of these instructions will apply will depend upon what you decide are the facts. The Court's instructions on any subject, including instructions on damages and the third-party claims, must not be taken by you to indicate the Court's opinion of the facts you should find or the verdict you should return.

## Third-Party Claims

That concludes the part of my instructions regarding the Joys' claims against AmGuard. You have also heard that AmGuard filed its own claims against a third party, the Anthony Lancaster Insurance Agency. I told you at the outset of the case that in this situation we refer to parties like AmGuard as a third-party plaintiff and the Anthony Lancaster Insurance Agency as a third-party defendant.

If you find that AmGuard is liable to the Joys, you will then need to decide whether the Lancaster Agency is liable to AmGuard. I will now explain to you the theories of these parties

and the principles which should guide your deliberations about the third-party claims. The general instructions I have already given you continue to apply.

Let me reiterate, the fact that I am instructing you on the third-party claims should not lead you to believe that I have any opinion about whether AmGuard is liable to the Joys. You will only reach the claims between AmGuard and the Lancaster Agency once you have decided whether the Joys have proven their claims against AmGuard. This is all for you to decide.

Theories of the Third-Party Plaintiff

If you find that AmGuard is liable to the Joys, AmGuard alleges that the Lancaster Agency should indemnify AmGuard. Indemnification is another way of saying compensation for a loss or damage. AmGuard alleges that the Lancaster Agency owes it indemnification because the parties had a contract to indemnify each other for certain losses. An indemnity agreement is a contractual agreement by one party to a contract to reimburse another party to a contract for certain losses.

AmGuard alleges that the Lancaster Agency owes it indemnification because the Lancaster Agency and its employee Shunnica Ayers were negligent in preparing Iva Joy's insurance application. AmGuard alleges that the negligence of the Lancaster Agency and Ms. Ayers caused AmGuard to be liable to the Joys.

<u>Theories of the Third-Party Defendant</u>

The Lancaster Agency denies that it committed any act of negligence or that any negligence on its part caused AmGuard to suffer any losses.

The Lancaster Agency also argues that AmGuard was concurrently negligent and that this caused its loss. Specifically, the Lancaster Agency argues that AmGuard was concurrently negligent for one or more of the following reasons:

(1) AmGuard failed to follow its own internal policy that required it to verify the presence of the automatic sprinklers in the home. The Lancaster Agency asserts that had AmGuard done so, it would have learned that there were no sprinklers in the home and it would have removed the endorsement from the Policy, which would have resulted in the premium discount being removed. This means that AmGuard's issuance of a policy of insurance to the Joys was not dependent upon the home containing a fire suppression system. If you find that AmGuard's failure to follow this internal policy constituted concurrent negligence, you must find in favor of the Lancaster Agency on the Third-Party Complaint.

(2) AmGuard's use of the term "automatic sprinklers" to describe a fire suppression system in the home was an ambiguous term. If you determine that the term is, in fact, ambiguous and subject to a variety of interpretations, this term must be construed against AmGuard and in favor of the Lancaster Agency, as AmGuard drafted the term, and all ambiguities are construed against the drafter.

(3) AmGuard failed to timely notify the Lancaster Agency of its intent to pursue indemnity under the Agency Agreement.

## Indemnification Agreement

In this case, in order to prevail under the indemnification provision of the contract, AmGuard must show that it suffered a "loss" that arose from or resulted from any "negligence, error, [or] omission" by the Lancaster Agency. Accordingly, AmGuard must show that it suffered harm, in this case a financial loss, because of the negligence, error, or omission of the Lancaster Agency. You must determine whether the Lancaster Agency, through its employee, Shunnica Ayers, breached its duty to AmGuard, and whether this breach resulted in financial harm to AmGuard. If you find that the Lancaster Agency did breach its duty and caused financial harm, you must determine the amount in which AmGuard was damaged because of the negligence, error, or omission of the Lancaster Agency.

I will now instruct you on concepts regarding negligence.

## Negligence and Comparative Fault

AmGuard has the burden of proof to show by a preponderance of the evidence that the Lancaster Agency was at fault due to the negligence of the Lancaster Agency or its employee. The Lancaster Agency alleges that AmGuard was also at fault and that AmGuard's own negligence caused or contributed to its loss, if any.

This means that in deciding this case you must determine the fault, if any, of both the Lancaster Agency and AmGuard. If you find more than one of the parties at fault, you will then compare the fault of the parties. To do this, you will need to know the definition of fault.

A party is at fault if you find that the party was negligent and that the negligence was a cause in fact and legal cause of the injury or damage for which a claim is made.

Fault has two parts: negligence and causation. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under circumstances similar to those shown by the evidence. The mere happening of an injury or accident does not, in and of itself, prove negligence. A person may assume that every other person will use reasonable care unless the circumstances indicate the contrary to a reasonably careful person.

The second part of fault is causation. Causation has two components: (a) causation in fact and (b) legal cause.

A cause in fact of AmGuard's injury is a cause which directly contributed to AmGuard's injury and without which AmGuard's injury would not have occurred. To be a cause in fact, it is not necessary that a negligent act or omission be the sole cause of AmGuard's injury, only that it be a cause.

Once you have determined whether the Lancaster Agency's negligence was a cause in fact of AmGuard's injury, the next question you must decide is whether the Lancaster Agency's negligence was also a legal cause of AmGuard's injury.

Two requirements must be met to determine whether a party's negligent acts or omissions were a legal cause of the injury or damage.

(1) The conduct must have been a substantial factor in bringing about the harm being complained of; and

(2) The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and prudence.

To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured. It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.

A single injury can be caused by the negligent acts or omissions of one or more persons.

If you find that a party was negligent and that the negligence was a cause in fact and also a legal cause of the injury or damages for which a claim was made, you have found that party to be at fault. AmGuard has the burden to prove the Lancaster Agency's fault. If AmGuard fails to do so, you should find no fault on the part of the Lancaster Agency. Likewise, the Lancaster Agency has the burden to prove AmGuard's fault. If the Lancaster Agency fails to do so, you should find no fault on the part of AmGuard. If you find more than one person to be at fault, you must then determine the percentage of fault chargeable to each of them.

You must also determine the total amount of damages sustained by any party claiming damages. You must do so without reducing those damages by any percentage of fault you may have charged to that party.

It is my responsibility under the law to reduce the amount of damages you award to any party by the percentage of fault, if any, that you assign to that party.

A party claiming damages will be entitled to damages if that party's fault is less than 50% of the total fault in the case. A party claiming damages who is 50% or more at fault, however, is not entitled to recover any damages whatsoever.

## Professional Fault

A person who undertakes to perform professional services for another must use reasonable care to avoid causing injury to that person. The knowledge and care required of the professional is the same as other reputable professionals practicing in the same or a similar community and under similar circumstances. A professional not only must have that degree of learning and skill ordinarily possessed by other reputable professionals but also must use the care and skill ordinarily used in like cases. In applying that skill and learning, a professional is required to use reasonable diligence and best judgment in an effort to accomplish the purpose of the employment.

A failure to have and use such knowledge and skill is negligence.


## Professional Perfection Not Required

A professional is not negligent merely because of an unsuccessful result or an error in judgment. It is negligence, however, if the error of judgment or lack of success is due to the failure to use the required care and skill as defined in these instructions.


## Comparative Fault Principal-Agent Directed Imputation

You have heard proof that Shunnica Ayers was an employee of the Lancaster Agency. If you find that Ms. Ayers was the agent of the Lancaster Agency, then you should consider Ms. Ayers and the Lancaster Agency as one in assigning fault.

## Use of Juror Notes

Some of you may have taken notes during the trial. Once you retire to the jury room you may refer to your notes but only to refresh your own memory of the witnesses' testimony. You are free to discuss the testimony of the witnesses with your fellow jurors, but each of you must rely upon your own individual memory as to what a witness did or did not say. In discussing the testimony, you may not read your notes to your fellow jurors or otherwise tell them what you have written. You should never use your notes to persuade or influence other jurors. Your notes are not evidence. Your notes should carry no more weight than the unrecorded recollection of another juror.

## Duty to Deliberate and Unanimous Verdict

Finally, ladies and gentlemen of the jury, we come to the point where we will discuss the form of your verdict and the process of your deliberations. You will be taking with you to the jury room a verdict form which reflects your findings. The verdict form reads as follows:

[Read Verdict Form]

You will be selecting a presiding juror after you retire to the jury room. That person will preside over your deliberations and be your spokesperson here in court. When you have completed your deliberations, your presiding juror will fill in and sign the verdict form.

Each of you should deliberate and vote on each issue to be decided. Before you return your verdict, however, each of you must agree on the answer to each question so that each of you will be able to state truthfully that the verdict is yours.

Your attitude and conduct at the beginning of your deliberations are very important. It is rarely productive for any juror to immediately announce a determination to hold firm for a certain verdict before any deliberations or discussions take place. Taking that position might make it difficult for you to consider the opinions of your fellow jurors or change your mind, even if you later decide that you might be wrong. Please remember that you are not advocates for one party or another. You are the judges of the facts in this case.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

We will be sending with you to the jury room all of the exhibits in the case that have been marked and admitted as evidence in the case. The exhibits will be there for your review and consideration, though you may not have previously seen all of them. You may take a break before you begin deliberating but do not begin to deliberate and do not discuss the case at any time unless all of you are present together in the jury room.

## Questions During Deliberations

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Court Security Officer who will bring it to my attention. I will then respond as promptly as possible after consulting with counsel either in writing or by having you return to the courtroom so that I can address you orally. Please understand that I may only answer questions about the law and I cannot answer questions about the evidence. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## Concluding Instructions

I remind you that you are to decide this case based only on the evidence you have heard in court and on the law I have given you. You are prohibited from considering any other information, and you are not to consult any outside sources for information. You must not communicate with or provide any information, photographs, or video to anyone by any means about this case or your deliberations. You may not use any electronic device or media, such as a telephone, cell phone, smart phone or computer; the Internet, any text or instant messaging service; or any chat room, blog, or website such as Facebook, My Space, Linkedln, YouTube or Twitter, to communicate with anyone or to conduct any research about this case.

You will now retire and select one of you to be the presiding juror for your deliberations. You may deliberate only when all of you are present in the jury room. You may not resume your deliberations after any breaks until all of you have returned to the jury room. As soon as all of you have agreed upon a verdict, the presiding juror will complete and sign the verdict form and return it to the Court Security Officer.