IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF TENNESSEE AT EASTERN DIVISION

IVA JOY AND WILLIAM JOY,

    Plaintiffs,

vs.                                        CASE NO.: 1:20-CV-01131-STA-JAY

AMGUARD INSURANCE COMPANY,      JURY DEMAND

    Defendants/Third-Party Plaintiff.

vs.

ANTHONY LANCASTER INSURANCE
AGENCY, INC. and ANTHONY
LANCASTER,

    Third-Party Defendants.

**LEGAL MEMORANDUM IN SUPPORT OF RULE 50
MOTION FOR JUDGMENT AS A MATTER OF LAW
And
POST TRIAL BRIEF ORDERED BY THE COURT**

Comes now Defendant/Third-Party Plaintiff, AmGuard Insurance Company ("AmGuard"), and respectfully submits its Legal Memorandum of Law in support of Rule 50 and Rule 59 Motion for Judgment as a Matter of Law. This document is also the post-trial brief ordered by the Court on the issue of whether Plaintiff Iva Joy's material misrepresentation increased the risk of loss to AmGuard under Tenn. Code Ann. § 56-7-103. [*See* Minute Entry, doc.149].

I.       **SUMMARY OF RELIEF SOUGHT AND BASIS FOR IT**

AmGuard is entitled to judgment as a matter of law under Tenn. Code Ann. § 56-7-103. That statute provides, in essence, that an insurer is justified in avoiding a policy of insurance if an insured makes a misrepresentation in the application process that increases the risk of loss to the insurer. After a trial on the merits, the jury specifically found that Plaintiff Iva Joy made a material misrepresentation in the signed Proposal of Insurance. [Trial Exhibits 10 and 11].

As explained below, as a matter of law, Iva Joy's misrepresentation increased the risk of loss to AmGuard. Therefore, AmGuard is entitled to judgment as a matter of law on all of the claims that Plaintiffs asserts against AmGuard. Accordingly, this Court should vacate, alter, or amend the Judgment entered against AmGuard and award AmGuard judgment as a matter of law on all of Plaintiffs' claims against it.

## II. APPLICABLE LEGAL STANDARD

Under Fed. R. Civ. P. 50, "If a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the Court may . . . resolve the issue against the party; and . . . grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1)(A) – (D). The Court has authority to grant a judgment as a matter of law even after the jury returns its verdict. "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). In ruling on the renewed motion, the Court may "direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b)(3).

## III. ANALYSIS

### a. **AmGuard is entitled to judgment as a matter of law on all of Plaintiffs' claims under Tenn. Code Ann. § 56-7-103**

AmGuard is entitled to judgment as a matter of law on all of Plaintiffs' claims under Tenn. Code Ann. § 56-7-103. That statute reads:

> No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

Tenn. Code Ann. § 56-7-103. "Under [Tenn. Code Ann. § 56-7-103],[1] to avoid coverage the insuror must first prove two things: that the answers in the application were false; then it must prove **_either_** that the false answers were given with intent to deceive the insuror **_or_** that the false answers materially increased the risk of loss." *Womack v. Blue Cross & Blue Shield*, 593 S.W.2d 294, 295 (Tenn. 1980) (emphasis added); see also *Howell v. Colonial Penn Ins. Co.*, 842 F.2d 821, 823 (6th Cir. 1987). Notably, under the statute, if material to the risk it can make no difference that the jury also found that the misrepresentation was not made with actual intent to deceive. *Bauer v. Mutual of Omaha Ins. Co.*, 460 S.W.2d 366, 370 (Tenn. Ct. App. 1969). If an insurer carries its burden under Tenn. Code Ann. § 56-7-103, the policy is subject to being voided "from its inception." *Medley v. Cimmaron Ins. Co.*, 514 S.W.2d 426, 428 (Tenn. 1947).

The jury's Verdict makes clear that AmGuard has proven that Iva Joy's answers in the application were false. Thus, the only remaining inquiry is whether Plaintiff Iva Joy's misrepresentation "increases the risk of loss" to AmGuard. As will be demonstrated below, as a matter of law, the answer to the remaining inquiry is an unequivocal "yes."

---

[1] Some Tennessee cases cite to Tenn. Code Ann. § 56-1103. Section 56-1103 contains language identical to the language found in Tenn. Code Ann. § 56-7-103; only the format of the legal statutory citation is different.

### b. **AmGuard carried its burden of showing that Plaintiff Iva Joy made a material representation on the Proposal of Insurance**

At the outset, it is perhaps important to note that it is now a concluded fact that Plaintiff Iva Joy made a material misrepresentation on the Proposal of Insurance. "Whether the insured's answers to the questions on the application are true or untrue is to be determined by the trier of fact and when a jury is demanded, cannot be taken from them and decided by the trial judge unless the minds of reasonable men could reach only one conclusion as to whether the answers were true or false." *Id*. at 295. Thus, the jury's verdict on the issue is conclusive: Plaintiff Iva Joy made a material misrepresentation on the signed Proposal of Insurance, where she represented that Plaintiffs home had "automatic sprinklers" in "all areas except attic, bathroom, closet & attached structure areas." [*See* Trial Exhibits 10 and 11].

To the extent it needs to be addressed, the jury's Verdict does away with Plaintiffs' argument that the Proposal of Insurance is ambiguous. Throughout the trial (and this litigation), the only misrepresentation AmGuard claimed that Iva Joy made was that, in the signed Proposal of Insurance, Plaintiffs' home had a certain type of *protective device*: fire sprinklers. The jury's Verdict makes clear that 1) the term "Automatic Sprinklers" is not ambiguous and refers to fire sprinklers, not lawn sprinklers or some other permutation not associated with fire protection; 2) stating that Plaintiffs' home had "Automatic Sprinklers" in "all areas except attic, bathroom, closet & attached structure areas" was a material misrepresentation; and, 3) Plaintiff Iva Joy, by signing the Proposal of Insurance, made or is otherwise responsible for the material misrepresentation Proposal of Insurance. [*See* Trial Exhibits 10 and 11].

Therefore, the sole question is whether "the matter misrepresented increases the risk of loss." Tenn. Code Ann. § 56-7-103. That is, did Iva Joy's misrepresentation that Plaintiffs' home had fire sprinklers, when in fact it did not, increase the risk of loss to AmGuard?

### c. Iva Joy's material misrepresentation increased AmGuard's risk of loss as a matter of law

As a matter of law, Iva Joy's material misrepresentation that her home had "Automatic Sprinklers" in "all areas except attic, bathroom, closet & attached structure areas" materially increased the risk of loss to AmGuard. The question of whether an insured's misrepresentation increases the risk of loss is a question of law for the trial court. "[I]f the insuror claims that the false answers materially increased the risk of loss a question of law arises." *Womack*, 593 S.W.2d at 295. Under Tenn. Code Ann. § 56-7-103, "when it has been determined that the answers contained in the application are untrue, it becomes a question of law, not fact, for the court as to whether the misrepresentations materially increased the risk of loss." *Broyles v. Ford Life Ins. Co.*, 594 S.W.2d 691, 693 (Tenn. 1980); *see also Kentucky Cent. Life Ins. Co. v. Jone*, 799 F.Supp. 53, 55 (M.D. Tenn. 1992)(quoting *Womack, surpra*: "[i]f the insurer claims that the false answer[ ] materially increased the risk of loss a question of law arises").

Under Tenn. Code Ann. § 56-7-103, a "misrepresentation in an application for insurance increases the insurance company's risk of loss if it naturally and reasonably influences the judgment of the insurer in making the contract." *Smith v. Tenn. Farmers Life Reassurance Co.*, 210 S.W.3d 584, 590 (Tenn. Ct. App. 2006); *see also Berkley Reg'l Ins. Co. v. Greater Eastern Credit Union*, 438 F. Supp. 3d 857, 861 (6th Cir. 2020) (recognizing the "Sixth Circuit and the Tennessee Court of Appeals" recognize this standard). Courts "use the questions an insurance company asks on its application to determine the types of conditions or circumstance that the insurance company considers relevant to its risk of loss." *Smith v. Tenn. Farmers Life Reassurance Co.*, 210 S.W.3d 584, 590 (Tenn. Ct. App. 2006). Courts also use common sense. *See Vermont Mut. Ins. Co. v. Chiu*, 21 S.W.3d 232, 237 (Tenn. Ct. App. 2000) and *Smith v. Tenn. Farmers Life Reassurance Co.*, 210 S.W.3d 584, 591 (Tenn. Ct. App. 2006). Courts also

consider "the testimony of insurance company representatives to establish how truthful answers by the proposed insured would have affected the amount of the premium or the company's decision to issue the policy." *Smith*, 210 S.W.3d at 590-91.

The similar case of *Vermont Mut. Ins. Co. v. Chiu*, 21 S.W.3d 232, 237 (Tenn. Ct. App. 2000) helps crystalize these concepts. There, insureds lost their home in a fire and, after a trial, a jury found that the one of the insureds had made material misrepresentations in the signed application for a homeowners insurance policy. *Id*. at 233-34. The trial court, however, ruled that there was insufficient evidence that the insured' misrepresentations increased the insurer's risk of loss under § 56-7-103. *Id*. at 233-34. The *Chiu* insured's misrepresentation was that the insureds no longer had boarders living in her home when, in fact, they had two boarders who paid rent. *Id*. at 234. The *Chiu* insureds' home was destroyed in a fire, killing one of the boarders. *Id*. The insurance company sought to void the policy under § 56-7-103. *Id*. Like here, the jury answered "yes" to the question of whether the insureds made "material and false representations to [the insurance company]" but "no" to the question as to whether the misrepresentation was made "with an intent to deceive." *Id*. The Court of Appeals held that the trial court erred when it ruled that the insureds' misrepresentations did not increase the risk of loss to the insurance company. *Id*. at 235.

In addition to relying on the testimony of an underwriting manager, the *Chiu* court found that the insureds' business pursuits would "naturally and reasonably influence" an "insurer's judgment" as "a matter of common sense." *Id*. at 237. For instance, the Court of Appeals observed that a homeowner exercises a lesser degree of control over the activities of a stranger who is paying rent than over a family member; and, by paying money to live in the house a boarder receives a greater degree of privacy, meaning that the homeowner has little or no ability

to control the boarder's rented area which means there is certain conduct a homeowner could not present. *Id*. at 237.  Therefore, the *Chiu* court held, the insureds' "misrepresentations concerning the operation of a business on her premises had the effect of increasing [the insurer]'s risk of loss, in accordinace with T.C.A. § 56-7-103. *Id*. at 237.  Therefore, the "trial court erred in determining that Chiu was entitled to recover under the policy." *Id*.

In the case *sub judice*, Plaintiff Iva Joy's misrepresentation naturally and reasonably would – and did – influence AmGuard's decision regarding the Joys' homeowners policy.  Dawn Aigeldinger, Assistant Vice President of Personal Lines at AmGuard Insurance, testified about the questions that AmGuard asked in the application process.  She testified that in the insurance application, as reflected in the Proposal of Insurance, there is a drop down menu next to the term "Automatic Sprinklers," inquiring whether the answer is "yes," "no," or "in all areas except attic, etc." [Testimony of Aigeldinger, p. 6, 7, 52, a true and correct copy of her testimony is attached as **<u>Exhibit 1</u>**].  Clearly, AmGuard inquires about the presence or absence of sprinklers, indicating that it is relevant to its risk.  There is no suggestion that AmGuard's inquiry was made in bad faith, or that it was not entitled to make such an inquiry of Plaintiffs.

Common sense indicates the risk to which sprinklers relate: fire.  A fire is more likely in a home without sprinklers than in one with sprinklers.  Along that same line, it is more likely there will be more property damage during a home fire in a home without sprinklers than there would be in a home with sprinklers.  Notably, the *Chiu* court is not the only Tennessee court to apply a common sense approach regarding risk.  In *Smith v. Tenn. Farmers Life Reassurance Co.*, 210 S.W.3d 584, 591 (Tenn. Ct. App. 2006), the court held there was a misrepresentation sufficient to void an insurance policy because "it is a matter of common sense … that persons with [D.U.I.] convictions have a higher risk of death, especially deaths caused by automobile

accidents." This reasoning applies here: common sense dictates that fires are less likely with sprinklers. Lack of sprinklers increases the risk of fire damage, plain and simple.

Notably, here, Plaintiff Iva Joy's misrepresentation relates to the exact risk – fire – that caused Plaintiffs' home to be destroyed. Comparing the Joys' case with *Chiu*, the *Chiu* court never suggested the fire was caused by the presence or absence of the boarders. It would not matter, because "the thing misrepresented need not necessarily be one that increases the hazard in the sense that it actually occasions or contributes to the loss." *Independent Life Ins. Co. v. Russell*, 80 S.W.2d 846, 848 (Tenn. Ct. App. 1934). However, in this case, the increased risk at issue – fire loss – is the exact loss that caused the loss to the Joys' home. This makes underscores the materiality of the increased risk caused by Iva Joy's misrepresentation. The Joys' home was lost in a fire, and sprinklers obviously would have helped mitigate the damage caused. This gives credence to the common sense analysis advanced in *Chiu* and *Smith*.

This is, of course, in addition to underwriting professional Mr. Aigeldinger's testimony as an underwriting professional, which courts commonly rely upon. She testified that for the policy to be effective, sprinklers were required to be in the Joys' home. [Testimony of Aigeldinger, p. 18; *see also* Trial Exhibit 5]. Ms. Aigeldinger testified that Iva Joy's misrepresentation that Plaintiffs' home had sprinklers in their homes increased the risk of loss to AmGuard. [Testimony of Aigeldinger, p. 29]. Ms. Aigeldinger pointed out that the misrepresentation increased the risk of loss to AmGuard because in the event of the fire there were no sprinklers in the Plaintiffs' home. [Testimony of Aigeldinger, p. 29]. She explained a fire is less likely with sprinklers than it is without sprinklers. [Testimony of Aigeldinger, p. 29]. She explained that sprinklers reduce the risk to AmGuard. [Testimony of Aigeldinger, p. 43]. Ms. Aigeldinger testified the increased risk caused by fire is why the presence of fires sprinklers

reduces the cost of the premium on a homowners policy – the risk to AmGurd is lower with sprinklers. [Testimony of Aigeldinger, p. 43].

The Tennessee Court of Appeals has repeatedly held in fire loss cases that an insured's misrepresentation increases the risk of loss under Tenn. Code Ann. § 56-7-103. As can be seen, the misrepresentations do not, on their face, appear to relate to the risk of fire. *See, e.g.*, *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d 542 (Tenn. Ct. App. 1992) (misrepresentation that insured had no lossed in previous seven year increased risk of loss); *State Farm Gen. Ins. Co. v. Wood*, 1 S.W.3d 658 (Tenn. Ct. App.. 1999) (misrepresentation about prior fire losses increased the risk of loss); *Conley v. Tenn. Farmers Ins. Co.*, No. W2017-00803-COA-R3-CV, 2018 Tenn. App. LEXIS 428, *1, 4 2018 WL 3561725 (Tenn. Ct. App. July 24, 2018) (misrepresentation about prior foreclosure), *Dutton v. Tenn. Farmers Mut. Ins. Co.*, 577 S.W.3d 222 (Tenn. Ct. App. 2018) (misrepresentations about drug convictions). There are others, but the point is clear.

It is hard to imagine a more clear-cut case in which an insured's misrepresentation increased the risk of loss. Plaintiff Iva Joy misrepresented the existence of fire sprinklers. Plaintiffs' home burned in a fire. It is tragic, but AmGuard was entirely justified under Tenn. Code Ann. § 56-7-103 in denying Plaintiffs' claim. AmGuard is, therefore, entitled to judgment as a matter of law.

## IV. CONCLUSION

Here, there is no argument that Plaintiff Iva Joy's material misrepresentation did not increase the risk of loss to AmGuard, as that phrase is used under Tenn. Code Ann. § 56-7-103. The homeowners policy is void ab initio. Because it is void ab initio, AmGuard was entirely justified in denying Plaintiffs' claim under the policy. Accordingly, this Court should vacate, alter, or amend the Court's Judgment and grant AmGuard judgment as a matter of law on all of

Plaintiffs' claims. Iva Joy made a material misrepresentation about the existence of fire sprinklers. It increased the risk of loss to AmGuard as a matter of law. Thus, AmGuard has carried its burden of proving the elements of Tenn. Code Ann. § 56-7-103. The Court should enter judgment as a matter of law in AmGuard's favor on each and every claim asserted by Plaintiffs against AmGuard.

        Respectfully submitted,

        MCANGUS GOUDELOCK & COURIE, LLC

        */s/ Brian F. Walthart*
        BRIAN F. WALTHART, 024777
        Post Office Box 198349
        201 4th Avenue N., Suite 1400
        Nashville, Tennessee 37219
        Phone: (615) 499-7292
        Facsimile: (615) 523-1496
        Email: brian.walthart@mgclaw.com

        ATTORNEY FOR AMGUARD INSURANCE
        COMPANY

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

        David A. Changas
        Robert W. Reid
        Lewis, Thomason, King, Krieg & Waldrop, P.C.
        Post Office Box 198615
        Nashville, Tennessee 37219-8615
        Attorney for Anthony Lancaster Insurance Agency, Inc.

        Drayton D. Berkley
        Berkley Law Firm, PLLC
        P. O. Box 771048
        Memphis, Tennessee 38177
        Attorney for Plaintiffs

This the 12th day of July, 2022.

                */s/ Brian F. Walthart*
                BRIAN F. WALTHART