IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IVA JOY AND WILLIAM JOY, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No.: 1:20-cv-01131-STA-jay |
| | ) | |
| AMGUARD INSURANCE COMPANY | ) | |
| Defendant | | |
| | | |
| v. | | |
| | | |
| ANTHONY LANCASTER INSURANCE AGENCY, INC And ANTHONY LANCASTER Third Party Defendant | ) | |

**MEMORANDUM RESPONSE TO AMGUARD'S RULE 50 MOTION**

I. INTRODUCTION

This civil action arises out of total fire loss that occurred on May 5, 2020. The Court conducted a trial of this matter and the jury found in favor of the Plaintiffs. The jury necessarily found that Anthony Lancaster, Shunnica Ayers, and Anthony Lancaster Insurance Agency, Inc. were insurance producers and agents of Amguard. Therefore, the knowledge possessed by Lancaster and Ayers is imputed to Amguard and Amguard is accordingly barred from relying upon the statutory defense of misrepresentation. The motion should accordingly be denied.

FACTS

Plaintiffs had been customers of the Anthony Lancaster Agency for a number of years prior to December 17, 2019.

Prior to December 17, 2019, Anthony Lancaster Agency had obtained homeowners coverage for Plaintiffs from Farmers Insurance.

On December 17, 2019, Iva Joy went to the Anthony Lancaster Agency to pay on an insurance policy and the agency's customer service representative, Shunnica Ayers, mentioned potential homeowners coverage with Amguard.

Shunnica Ayers transferred the Plaintiffs' information in the computer system to the Amguard proposal and submitted it electronically

Shunnica Ayers did not ask Iva Joy any questions regarding the property because she was already familiar with their property.

Iva Joy did not review the information that Shunnica Ayers submitted electronically because she relied upon and trusted Shunnica and the Lancaster Agency due to their long-standing relationship.

Prior to December 17, 2019, Shunnica Ayers knew that the Joys did not have a sprinkler inside our home.

Prior to December 17, 2019, Anthony Lancaster Agency knew that the Joys did not have a sprinkler inside our home.

Shunnica Ayers and Lancasters knowledge that the Joys did not have interior sprinkler was imputed to Amguard[1] prior to the issuance of the subject policy.

Shunnica Ayers submitted the electronic proposal and interpreted the query regarding sprinkler system to be an outside irrigation system.

Shunnica Ayers confirmed that Amguard accepted the premium.

---

[1] This is confirmed by the jury's verdict in favor of the Plaintiffs on breach of contract via waiver or estopped.

Lancaster admitted that the Joys were long-time customers of the Anthony Lancaster Agency Inc.

Lancaster agency was familiar with their residence.

Amguard was going to the issue the policy in any event even if Shunnica Ayers had listed that the Joys did not have sprinklers on the electronic proposal. Exhibit 4, DE 156-1 Page ID 1534.

The policy reflects the information that Amguard regarded as material to its underwriting: Recap of Underlying Policy Information Provided to Us. Exhibit 5. This section lists various items such as the age of the roof, identification of any smokers, presence of pets, presence of swimming pools, presence of trampolines, presence of dog breeds such as pit bulls, rottweilers, and wolf hybrids, biting history of any other breed of dog, and occupancy information. Exhibit 5 Nowhere in this recap is any mention of sprinklers or automatic sprinklers. Exhibit 5

If Amguard had used its own internal policies it would have determined no later than Mid-January 2020 that the Joys did not have internal sprinklers. DE 156-1 Page ID 1543-1546.

If Amguard had followed its internal policy, it would have removed the sprinkler endorsement discount and the Joys would have had to pay an additional $200 over the course of a year. DE 156-1 Page ID 1560.

This represents an increase of approximately $17 per month. See DE 156-1 Page Id 1560. Iva Joy confirmed that she would have paid this amount since it was still cheaper than the current premium with another carrier.

III. ANALYSIS

3

1. Relevant Tennessee Statutes

**§ 56-7-103. Misrepresentation or warranty will not void policy Exceptions.**

No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

**§ 56-6-115(b) Appointments**

(b) An insurance producer who solicits or negotiates an application for insurance shall be regarded, in any controversy arising from the application for insurance or any policy issued in connection with the application between the insured or insured's beneficiary and the insurer, as the agent of the insurer and not the insured or insured's beneficiary. This subsection (b) shall not affect the apparent authority of an agent.

2. Tennessee Statutory Construction Principles

Clear and unambiguous statutes will be enforced according to their clear terms. *Lind v. Beaman Lodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011). Every word of the statute will be given effect. *Id.* New statutory provisions that do not repeal or over-rule pre-existing law by express terms or implication are cumulative. *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013). The Courts presume the Legislature knew the law when it enacted statutory provisions. *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 23 (Tenn. 2014). Statutes involving the same subject matter are construed *in pari materia. Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010). Specific statues control over general statutes. Id. At 582. Judicial construction of statutes become part of the statute. *Blank v. Olsen*, 662 S.W. 2d 324, 326 (Tenn. 1983) and *Hill v. City of Germantown*, 31 S.W.3d 234, 239-240 (Tenn. 2000).

3. Amguard cannot rely upon representations it knew to be false to void the policy

In *Freeman v. Citizen's National Bank*, 70 S.W.2d 25, 29 (Tenn. 1934), the Tennessee Supreme Court held that the a party is not entitled to relief from false representations that it knew to be false   A party that knows the truth is not deceived and is not defrauded. *Id.*  Stated another way when both parties know a representation is false, then equity bars a party from seeking relief for the false representation. *Id.*   In *Long v. Range* 213 S.W.2d 52, 54 (Tenn. Ct. App. 1948), the Tennessee Court of Appeals confirmed that the *Freeman* Court relied upon *Bridges v. Robinson*, 2 Tenn. Ch. 720 (1877)[2] for its holding and that the principle extends to parties who through ordinary diligence and prudence may find out the truth.   In *Farley v. Clayton*, 928 S.W.2d 931, 933 (Tenn. Ct. App. 1996), the Tennessee Court of Appeals confirmed that the *Freeman* holding applies innocent misrepresentations, negligent misrepresentations, deceit, failure to disclose, and fraud.   A party who knows the truth or through reasonable diligence *(Long)* can find out the truth is not deceived and is barred from claiming the misrepresentation as a basis of relief.   *Id.* In sum, a party must detrimentally rely upon the misrepresentation to claim it as a basis for relief. *Id*. If a party knows the truth or can ascertain the truth through reasonable diligence, then the misrepresentation is a matter of opinion.   *Long,* 213 S.W.2d at 54.

In *Arch Specialty Ins, v. Cline*, 2012 WL 12823706, Slip Op. at 7-10 (10-2114-STA-dkv) (W.D. Tenn. December 4, 2012), this Court applied the foregoing principles to find that imputed knowledge of the insurance producer to the insurer defeated claims that insured misrepresented factual information submitted to the insurer that the producer knew to be false.   The knowledge of the insurance producer is imputed to the insurer. *Id.*, Slip Op at 10.   In sum, the insurer could

---

[2] *Bridges* appears to pre-date § 56-7-103 by approximately 18 years  (1895) and thus § 56-7-103 is cumulative to the equitable principles expressed in *Bridges* and *Freeman*, and *Freeman*'s progeny. *Johnson,* 432 S.W.3d  at  848

not rely upon representations it knew through the imputed knowledge of its agent to void the insurance policy consistent with § 56-7-103.

Applying the foregoing authority the case at bar, Lancaster's, Ayer's, and Anthony Lancaster Agency's knowledge was imputed to Amguard[3] that the Joys's residence did not have an interior sprinkler in December 2019 when the proposal was submitted. The policy recap and Amguard's admission that it relies on the knowledge of its agent regarding the properties Moreover, Amguard failed to follow its own internal policy, Exhibit 4, to determine that the Joys did not have internal sprinklers and failed to exercise reasonable diligence to independently determine that the Joys did not have interior sprinklers. Amguard relied upon its agent's knowledge as a matter of law and fact and the thus the agent's knowledge that the Joys did not have interior sprinklers was imputed to Amguard even before the December 17, 2019 proposal was submitted. Thus, Amguard cannot rely upon any false misrepresentation that the Joys had inside sprinklers that Amguard knew to be false in December 2019 to void the policy consistent with § 56-7-103 pursuant to *Freeman*, *Long, Farley, and Cline*.

    4. <u>Joy's misrepresentations did not materially increase Amguard's risk of loss.</u>

In *Gatlin v. World Service Ins.*, 616 S.W.2d 606, 608 (Tenn. 1981) and *Womack v. Blue Cross Blue Shield,* 593 S.W.2d 294, 295 (Tenn. 1980), the Court construed § 56-7-103 to require a material increase in risk of loss to void the policy. The *Gatlin* and *Womack* constructions of § 56-7-103 to require a material risk of loss was incorporated into and became part of § 56-7-103. *Blank,* 662 S.W.3d at 326 and *Hill,* 31 S.W.3d at 239-240.

Applying *Gatlin* and *Womack*, Amguard did not experience a material increase in the risk of loss. Amguard confirms it was going to issue the policy to the Joys in event. Amguard's

---

[3] Amguard confirmed that it relies upon its agent's knowledge of the properties that are being insured. DE 156-1 Page ID 1556.

6

policy recap recites the information that it considered material in issuing the policy or assessing premium. Although this section lists various items such as the age of the roof, identification of any smokers, presence of pets, presence of swimming pools, presence of trampolines, presence of dog breeds such as pit bulls, rottweilers, and wolf hybrids, biting history of any other breed of dog, and occupancy information, the policy recap does not mention sprinklers or automatic sprinklers. Moreover if Shunnica Ayers had answered no to automatic sprinklers or if Amguard had followed its internal procedures, it would have removed the discount resulting in an immaterial increase in the amount of premium ($17) per month.

     5.   <u>The proposal is not the application governed by § 56-7-103</u>.

The e-application submitted by Shunnica Ayers electronically in blank is the actual application to which § 56-7-103 applies. *Acuity Mutual Life Ins. Co. v. Frye*, 199 F.Supp. 2d 975, 984-987 (E.D. Tenn. 2010); *Bland v. AllState Ins. Co.*, 944 S.W.2d 372, 376 (Tenn. Ct. App. 1996); *Berryhill v. Mutual Benefit Health and Acc. Association of Omaha*, 262 S.W2d 878 (Tenn. Ct. App. 1953). The proposal generated by the Lancaster Agency which Joy signed was an insurance quote that § 56-7-103 does not apply to (Exhibit 10- 11) consistent with *All-American Financial Benefit Insurance Co. v. Eagle Sales*, 2:17-cv-02545, Slip Op. at 29-30 (W.D. Tenn. January 14, 2021). The proposal was merely an offer by Amguard to provide coverage to the Joys which the Joys accepted.

   IV.   CONCLUSION

The Court should deny Amguard's Rule 50 Motion as a matter of law consistent with long well-settled Tennessee jurisprudence.

Respectfully submitted,

   **/s/Drayton D. Berkley**
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
**attorneyberkley@gmail.com**
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN  38177

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

Lauren L. Holloway, Esq.
McAngus, Goudelock, & Courie
5350 Poplar Ave
Memphis, TN 38119
Via ECF
Attorneys for Defendants

David A. Changas, BPR No. 20679
424 Church Street, Suite 2500
Nashville, TN 37219
Attorney for Anthony Lancaster and Lancaster Agency

This, the 26th day of July 2022

   **/s/Drayton D. Berkley**
**Drayton D. Berkley**