IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF TENNESSEE AT EASTERN DIVISION

IVA JOY AND WILLIAM JOY,

    Plaintiffs,

vs.                      CASE NO.: 1:20-CV-01131-STA-JAY

AMGUARD INSURANCE COMPANY,    JURY DEMAND
et al.

**REPLY TO PLAINTIFFS' RESPONSE TO AMGUARD'S RULE 50 MOTION**

Comes AmGuard Insurance Company, and submits its Reply to Plaintiffs' Memorandum Response to AmGuard's Rule 50 Motion, CM/ECF doc. 157.

**First,** Plaintiffs argue Mrs. Joy's misrepresentation did not "*materially* increase the risk of loss." That is not the proper analysis. "It is the misrepresentation that must be material, and the statute clearly states that a misrepresentation will not be deemed material unless it increases the risk of loss to the insurer." *Smith v. Tenn. Farmers Life Reass. Co.*, 210 S.W.3d 584 (Tenn.Ct.App. 2006). The "correct inquiry in cases involving Tenn. Code Ann. §56-7-103 is simply whether the misrepresentation increased the insurance company's risk of loss." *Id*. at 590-591. The jury already found her misrepresentation to be material. [Verdict, doc. 150].

Plaintiffs incorrectly state that AmGuard would have issued the policy "in [any] event." In reality, "It would be a different policy, a different premium …" [Aigeldinger, p. 35]. But it is irrelevant because it "is not necessary to find that the policy would not have been issued if the truth had been disclosed." *Lloyd v. Farmers Mut. Fire Ins. Co.*, 838 SW 2d 542, 545 (Tenn. Ct. App. 1992) (applying Tenn. Code Ann. § 56-7-103). Thus, the Court should reject Plaintiffs' arguments on these issues.

**Second,** Plaintiffs disingenuously argue that the Proposal of Insurance is not an/the application "governed by Tenn. Code Ann. § 56-7-103." Lawyers, parties, and witnesses alike repeatedly referred to it as the "application,"[1] [*See, e.g.*, Testimony of Aigeldinger, p. 27, 35, 37, 38, 39, 57, 58, 63, 64]. Moreover, § 56-7-103 covers more than written insurance applications. It also applies to "written or oral misrepresentation[s]" and covers statements made "in the application," specifically, or generally, "in the negotiations of a contract or policy of insurance." *See* Tenn. Code Ann. § 56-7-107. Thus, Iva Joy's misrepresentation in the Proposal is covered by § 56-7-103. Plaintiffs' cited authority does nothing to counter these points and is wholly inapposite.

**Third,** without citation to controlling authority, Plaintiffs aver that because the Agency had actual knowledge that Plaintiffs' residence did not have fire sprinklers, Tenn. Code Ann. § 56-7-103 does not apply. The Tennessee Supreme Court and lower courts have repeatedly held an insurer can properly deny coverage, *even when an insured makes a written misrepresentation in an application about which an agent has actual knowledge.* In *De Ford v. Nat'l Life & Acc. Ins. Co.*, 185 S.W.2d 617, 619 (Tenn. 1945), the supreme court reversed a verdict in favor of a plaintiff who sued an insurer because it denied benefits, even though the insurance agent had actual knowledge of misrepresentations in the application signed by the insured. Later, the court stated that *De Ford* should be "confined to its own facts," but was "sound in principle." *Ind. Life & Health Ins. Co. v. Trinkle*, 437, 206 S.W.2d 414, 415 (1947). Those principles are: that knowledge of the agent is not imputed to his principal when 1) a third party, such as an applicant for insurance, is acquainted with circumstances indicating that an agent will not advise his

---

[1] So did other witnesses. Examples have been given from Dawn Aigeldinger's testimony, since that is the only transcribed testimony in undersigned counsel's position.

principal of disclosed facts; 2) where the third party colludes with the agent in acting adversely to the principal; 3) where the third party uses the agent to further his own fraud upon the principal; 4) where the agent's disclosure is such that the agent is certain to conceal the information from his principal; or 5) where the agent's interests would be defeated by the disclosure. *Id*. at 620.

In *Beasley v. Metropolitan Life Insurance Co.*, 229 S.W.2d 146, 148 (Tenn. 1950), the supreme court again held that, because an insured signed the application containing misrepresentations, the insurance agent's actual knowledge of the true facts was not imputed to the insurance company. The *Beasley* facts are very analogous to those in this case:

"The answers to the application [were] admittedly false, but according to the Plaintiff's testimony, neither she nor her husband knew that those answers were false.... Plaintiff says her husband signed the false application but did not read it, though there was no fraud, duress, or disability to prevent his reading it, and the Plaintiff says she herself received the policy when it was delivered, but she did not read it and knew nothing about its falsity until the Company refused to pay the claim."

*Id*. at 146, 147 (Tenn. 1950). The court explained to permit "a party, when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit he signed it but did not read it or note its stipulations would absolutely destroy the value of all contracts." *Id*. at 148. "It will not do for a man to enter into a contract, and when called upon to respond to its allegations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law." *Id*. at 148.

Other courts in Tennessee have recognized "[t]he law is well-settled in this State than an insured who signs but fails to read an application will be conclusively presumed to know its contents, and must suffer the consequences of his own negligence." *Lawhon v. Mt. Life Ins. Co.*, No. E2011-00045-COA-R3-CV, 2011 Tenn. App. LEXIS 627, *11 2011 WL 5829726 (Tenn.

Ct. App. Nov. 21, 2011). This well-settled rule clearly applies even when the insurance agent has knowledge of the true facts. In *Hardin v. Combined Ins. Co.*, 528 S.W.2d 31 (Tenn. Ct. App. 1975), the insured signed an application containing misrepresentations by the insured about health. *Id*. at 32. The *Hardin* plaintiff argued that the insurance agent had actual knowledge of the true facts. *Id*. 34. The *Hardin* court held that was of no import and the insurance company was justified denying benefits because, even "if we accept the theory of the Plaintiff we are still required to deny recovery under the holdings of the Supreme Court in the case[s] [of *De Ford* and *Beasley*]". *Id*.

In *Montgomery v. Reserve Life Ins. Co.*, 585 S.W.2d 620, 622 (Tenn. Ct. App. 1979), the court applied § 56-7-103[2] and held that the insurance company was justified in denying coverage based on misrepresentations in the signed insurance application. *Montgomery* involved misrepresentations in a signed insurance application about plaintiff's wife's health, which the insured did not read before signing. *Id*. at 621-622. Plaintiff argued coverage applied because he told the agent of the true facts: "he advised the agent that his wife was under the care of a psychiatrist" on the date the application was signed. *Id*. at 621. The Court cited *De Ford* and *Beasley*, holding an "insured has the duty to read the application for insurance and to verify the accuracy of the information therein stated." *Id*. at 622. Even "where the agent deliberately omits from the application the insured's correct medical history and that omission increases the risk of loss, there can be no recovery on the policy where the insured, failing to read the application, affirms the accuracy of the statements therein contained." *Id*. (*citing Hardin v. Combined Ins. Co. of Am.* 528 S.W.2d 31 (Tenn. Ct. App. 1975).

---

[2] The case cites to § 56-1103, which is the same verbatim statute using the previous legal citation for § 56-7-103.

*Giles v. Allstate Insurance Company*, 871 S.W.2d 154 (Tenn. Ct. App. 1993) relied on *Beasley* to reject an argument like the Joys' in a case involving the application of § 56-7-103. In *Giles*, prior to applying for insurance, plaintiff had a previous fire was not "revealed in the [signed] application," which she did not read before signing. *Id*. at 155. The trial court ruled the insurance agent had actual knowledge of the previous fire, contrary to representations in the insured-signed application. *Id*. Plaintiff argued that because she "correctly answered questions about her previous fire losses [and] the agent listed incorrect answers on the application, she should not be denied coverage even though she signed the application without reading it." *Id*. at 156. The *Giles* court rejected plaintiff's argument and held the case falls "within … *Beasley* …" and the insurance company was justified in denying coverage, even if the agent had actual knowledge of the previous fire. *Id*. at 156.

In *Elliot v. Life of the South Ins. Co.*, 296 S.W.3d 64 (Tenn. Ct. App. 2008), the court held, when deciding issues under Tenn. Code Ann. § 56-7-103, that the insurance company properly denied coverage because "Tennessee case law holds that an insurance policy is void ab initio if the applicant executed the application for the policy and such application contained a material misrepresentation *and this law applies even where the agent of the insurer intentionally prepared the policy to contain false information in place of accurate information provided to him by the applicant*." *Id*. at 71 (emphasis added) (citations and quotations omitted); *see also Lawhon,* 2011 Tenn. App. LEXIS 627 at *11 ("It matters not whether the agent filled out the application wrong or even whether the agent intentionally put down answers which he knew to be false, the applicant who signed the application affirms the answers contained in the application").

Plaintiffs offer no on-point Tennessee law to support their argument that AmGuard waived terms in the policy because the Lancaster Agency had actual knowledge that Plaintiffs home did not have sprinklers. *Arch Specialty Inc. v. Cline*, No. 10-2114-STA-dkv, 2012 U.S. Dist. LEXIS 191824, *11 (W.D. Tenn. Dec. 4, 2012) is the only marginally on-point case. In *Cline,* this Court granted summary judgment on different grounds, and addressed the imputation of knowledge issue only to say there was a question of fact on the issue precluding summary judgment at the motion stage of the proceedings. Plaintiffs' other cases do not address the statute at issue here, or the pointed legal issues. *Cf. Freeman v. Citizen's National Bank,* 70 S.W.2d 25 (Tenn. 1934) (non-insurance case pertaining to a "note" case not addressing § 56-7-103); *Long v. Range*, 213 S.W.2d 52 (Tenn. Ct. App. 1948) (non-insurance case pertaining to a "note" not addressing § 56-7-103); *Farley v. Clayton*, 928 S.W.2d 931 (Tenn. Ct. App. 931) (non-insurance case discussing detrimental reliance in tort cases, but not insurance or § 56-7-103). No citation is made to reference, distinguish, or contradict the longstanding and well-settled precedent cited above in support of AmGuard's position.

In some of AmGuard's cases cited above, the application contained language indicating the signatory read or affirmed the statements in the application. *See, e.g.*, *Hardin*, *Montgomery*. However, given the jury's Verdict, that is a distinction without a difference. The jury found the misrepresentation to be Mrs. Joys' misrepresentation. Clearly, Plaintiffs failed to rebut the presumption contained in Tenn. Code Ann. § 56-7-135(a), that "create[s] a rebuttable presumption" that the insured "has read, understands, and accepts the contents of such document." Tenn. Code Ann. § 56-7-135(a). In a misguide effort to avoid her signature on the Proposal of Insurance, Plaintiffs argue that the Proposal of Insurance was "an offer by AmGuard

to provide coverage to the Joys which the Joys accepted." If they accepted it, they accepted it by Mrs. Joys' signature, making the misrepresentation binding on Plaintiffs.

**Fourth**, Plaintiffs still argue Iva Joy signed the Proposal of Insurance "in blank." This is because *Bland v. Allstate*, cited by Plaintiffs, excuses an insured from misrepresentations in a signed blank application that an agent *later* fills in. 944 S.W.2d 372, 374 (Tenn. Ct. App. 1996). *Bland* does not overrule any of the case law relied on above, nor the rules AmGuard cites in this Reply, because the *Bland* signature came *before* the agent put the wrong information in the application. *See id*. at 378. The holding makes sense, because the *Bland* insured did not affirm anything, since the application was blank when signed. Here, it is undisputed the signature page of the Proposal could not be created "without creating a full and complete proposal of insurance." [Aigeldinger, p. 28]. Thus, Mrs. Joy physically could not have signed the application "in blank." *Bland* is not applicable to these facts.

**In conclusion**, Plaintiffs knew the Agency would not inform AmGuard of the true facts because the facts transmitted to AmGuard were in the Proposal containing Mrs. Joys' misrepresentation *and* her signature. Plaintiff herself signed the very information transmitted to AmGuard, and is charged with knowledge and acceptance of it. There is no legal basis to impute the Agency's knowledge to AmGuard given these facts. More importantly, longstanding Tennessee legal precedent unequivocally holds that AmGuard is entitled to judgment here. Under Tennessee law, it matters not that the misrepresentations were the Agency's fault, intentional or negligent. The law simply does not support Plaintiffs' position, and Plaintiffs have offered no reason to deviate from the unequivocal Tennessee law in this case. AmGuard is entitled to judgment as a matter of law.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC

**/s/ Brian F. Walthart**
BRIAN F. WALTHART, 024777
Post Office Box 198349
201 4th Avenue N., Suite 1400
Nashville, Tennessee 37219
Phone: (615) 499-7292
Facsimile: (615) 523-1496
Email: brian.walthart@mgclaw.com

ATTORNEY FOR AMGUARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

>David A. Changas
>Robert W. Reid
>Lewis, Thomason, King, Krieg & Waldrop, P.C.
>Post Office Box 198615
>Nashville, Tennessee 37219-8615
>Attorney for Anthony Lancaster Insurance Agency, Inc.
>
>Drayton D. Berkley
>Berkley Law Firm, PLLC
>P. O. Box 771048
>Memphis, Tennessee 38177
>Attorney for Iva Joy

This the 5th day of August, 2022.

>/s/ Brian F. Walthart
>BRIAN F. WALTHART